# Exhibit B

## THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Phillips, *on their own behalf and on behalf of those similarly situated*;<br><br>     Petitioners-<br>     Plaintiffs,<br><br>   v.<br><br>Floyd Bonner, Jr., *in his official capacity*, Shelby County Sheriff, and the Shelby County Sheriff's Office;<br><br>     Respondents-<br>     Defendants. | Case No. 2:20-cv-2359-SHL |

### **CONSENT DECREE**

  Plaintiffs Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Phillips, by and on their own behalf and on behalf of a class of similarly situated persons, brought this action in May 2020 against Defendants Floyd Bonner, Jr., in his official capacity as the Shelby County Sheriff, and the Shelby County Sheriff's Office challenging the constitutionality and legality of Plaintiffs continued detention in light of the COVID-19 pandemic.

  The parties desire that this action be settled by an appropriate Consent Decree without the burden, expense, and disruption of protracted litigation. Accordingly, subject to this Court's approval of this Consent Decree (the "Decree") and the related Release and Settlement Agreement, the parties agree to the entry of this Decree as final and binding among and between themselves as to the issues raised in Plaintiffs' Complaint as well as their First and Proposed Second Amended Complaints.  This Decree shall not in any way be construed as an admission by any party of any wrongful conduct whatsoever against any person or party.

  In resolution of this action, the parties hereby AGREE to, and the Court expressly APPROVES, ENTERS, and ORDERS, the following:

## I.    Parties Bound by this Decree

1.      This Decree shall be binding on Defendants Floyd Bonner, Jr., in his official capacity as the Shelby County Sheriff and the Shelby County Sheriff's Office, and upon all those who succeed any of this action's named Defendants in his or her official capacity, as well as all other employees, agents, elected officials, and representatives of the Shelby County Sheriff and the Shelby County's Sheriff Office (collectively "Defendants").

2.      This Decree shall also be binding on Plaintiffs Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Phillips, by and on their own behalf and on behalf of a class of similarly situated persons, and their agents and representatives and on behalf of the Class certified by the Court pursuant to its Order dated June 10, 2020 (ECF No. 38) (collectively "Plaintiffs").

## II.    Effective Date

3.      This Decree shall become effective when filed with the Court (the "Effective Date").

## III.    Independent Inspections and Reporting

4.      **Reporting**.  Within fourteen (14) days of the Effective Date, and thereafter on a monthly basis until the Decree terminates, Defendants shall provide Mike Brady, the Court-appointed Independent Inspector (the "Independent Inspector"), and Plaintiffs' counsel with a report containing (a) the total population of the Shelby County Jail (the "Jail") as a whole and by housing unit; (b) the number of COVID-19 tests conducted for detainees and for staff at the Jail in aggregate and by pod and the results of those tests; (c) the number of staff that are on leave, or who have taken leave within the past thirty (30) days due to symptoms of COVID-19; and (d) the number of detainees within the past thirty (30) days who died and who had exhibited symptoms of or tested positive for COVID-19 prior to their death.

5.      Within thirty (30) days of the Effective Date, and at least once every sixty (60) days thereafter, Defendants shall provide the Independent Inspector and Plaintiffs' counsel lists of the members of the Class and Subclass as defined by the Court (ECF No. 38).  For each Class and Subclass member, Defendants shall specify whether the Class or Subclass member is housed in a single cell, shared cell, or dormitory.

6.      **Inspections**.  Within a month of the Effective Date, or within a reasonable time that is convenient for the Independent Inspector, the Independent Inspector will conduct an inspection of the Jail ("the First Inspection") commensurate and in accordance with the procedure provided by the Court in its Order dated June 18, 2020 (ECF No. 56) (the "June 18 Order") and this Decree, except that the parties and the Independent Inspector will not be required to provide the Independent Inspector's reports to the Court.

7.      The Independent Inspector will conduct further unannounced inspections in keeping with the June 18 Order and this Decree within ninety (90) days of the last inspection until the termination of this Decree, or upon the Independent Inspector's written recommendation and/or determination that no further inspections are necessary.

8.      During each inspection, the Independent Inspector shall be afforded unrestricted access to communicate and/or meet with the Jail's Expeditor. During any of the Independent Inspector's meetings with the Jail's Expeditor, the Jail's Expeditor will explain, what, if any, efforts have been taken on behalf of any members of the Class and Subclass to evaluate them in order to determine whether the Expeditor should present any Class or Subclass members' cases before the District Attorney, applicable criminal defense counsel, and/or the presiding Judge for consideration of release on less restrictive conditions than detention.  The Jail's Expeditor will provide documentation in her possession to the Independent Inspector sufficient to substantiate to the satisfaction of the Independent Inspector what efforts she has taken on behalf of any Class or Subclass member.  If, however, the Independent Inspector is not satisfied that the documentation so provided substantiates what efforts the Jail's Expeditor has taken, the Independent Inspector may request further information in writing from the Jail's Expeditor.  Defendants shall produce the documentation that the Jail's Expeditor provides to the Independent Inspector, including medical and mental health records, to Plaintiffs' counsel via electronic mail or via any other manner agreed upon by the parties. All documentation provided to Plaintiffs' counsel under this Paragraph shall be "Confidential" and is subject to the Stipulated Protective Order dated June 29, 2020 (ECF No. 75).

9.      Within a reasonable time after each inspection, the Independent Inspector will provide a written report to counsel for the parties as provided below, containing the Independent Inspector's findings regarding the issues affecting the Jail's response to COVID-19, particularly as they relate to medically-vulnerable detainees including, but not limited to, those mentioned in the June 18 Order.  *See* ECF No. 56, Pg.ID 845.

**Counsel for Petitioners-Plaintiffs**
Andrea Woods
Amreeta Mathai
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
awoods@aclu.org
amathai@aclu.org

Maria Morris
American Civil Liberties Union
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
mmorris@aclu.org

Zoe Brennan-Krohn
American Civil Liberties Union
39 Drumm Street
San Francisco, CA 94111
zbrennan-krohn@aclu.org

Stella Yarbrough
ACLU Foundation of Tennessee

P.O. Box 120160
Nashville, TN 37212
syarbrough@aclu-tn.org

Josh Spickler
Just City
P.O. Box 41852
Memphis, TN 38174
josh@justcity.org

Steven John Mulroy
Cecil C. Humphreys School of Law,
University of Memphis
1 N. Front St.
Memphis, TN 38103
smulroy@memphis.edu

Joseph J. Bial
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
jbial@paulweiss.com

Brice M. Timmons
Donati Law, PLLC
1545 Union Ave
Memphis, TN 38104
brice@donatilaw.com

**Counsel for Respondents-Defendants**
James I. Pentecost
Nathan D. Tilly
J. Austin Stokes
162 Murray Guard Drive, Suite B

Jackson, Tennessee 38305
jpentecost@pgmfirm.com
ntilly@pgmfirm.com
astokes@pgmfirm.com

Marlinee C. Iverson
Bridgett L. Stigger
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
Marlinee.Iverson@shelbycountytn.gov
Bridgett.Stigger@shelbycountytn.gov

10.     If the Independent Inspector makes any recommendations in his reports, Defendants agree either to implement them or, within fourteen (14) days of receiving a report from the Independent Inspector, to provide the Independent Inspector and Plaintiffs' counsel with an explanation in writing for why, despite their best efforts to do so, Defendants will not or cannot adopt the Independent Inspector's recommendation(s).

11.     During inspections subsequent to the First Inspection, the Independent Inspector shall report on whether Defendants have taken best efforts to implement the Independent Inspector's prior recommendations.

12.     Defendants shall pay for the Independent Inspector's fees, costs, and expenses.

## IV.     Ventilation

13.     Before January 31, 2021, Defendants will endeavor to prove to the satisfaction of Plaintiffs' Counsel that the ventilation and air quality within the Jail is safe as it relates to COVID-19. If after receiving Defendants' proof, Plaintiffs' counsel in good faith believes that the ventilation and air quality within the Jail is unsafe as it relates to COVID-19, Plaintiffs' counsel shall, within seven (7) days of receipt of said proof from Defendants, provide Defendants' counsel with written notice setting forth the reason(s), based upon scientific or other evidence, why the ventilation and/or air quality within the Jail as it relates to COVID-19 remains unsafe.  If Plaintiffs' counsel sends such notice, the parties will agree to the appointment of a qualified environmental engineer (the "Ventilation Expert") to advise Defendants in writing (that written advice to be shared with the Independent Inspector and Plaintiffs' counsel) regarding best practices to reduce the risk of airborne transmission of COVID-19 within the Jail.  If within fourteen (14) days of Plaintiffs' counsel sending written notice, the parties cannot agree to the appointment of a Ventilation Expert, Defendants' counsel and Plaintiffs' counsel will as soon as practicable submit the names and qualifications of two or more suggested experts to John S. Golwen who will as soon as practicable thereafter appoint the Ventilation Expert.  To enable the Ventilation Expert to compile his/her advice, Defendants agree to provide the Ventilation Expert with sufficient facility-specific documentation, to permit the Ventilation Expert to consult with knowledgeable persons at the Jail, and if necessary to allow the Ventilation Expert to conduct an inspection.  In forming his/her advice, the Ventilation Expert may consult with others provided he/she abides by the

provisions of Paragraph 26. Shelby County agrees to implement the recommendations of the Ventilation Expert; or, within fourteen (14) days of receiving the written advice of the Ventilation Expert, to explain to the Ventilation Expert, Independent Inspector, and Plaintiffs' counsel in writing why it will not or cannot despite using its best efforts to do so. Defendants and Plaintiffs' counsel will equally share the Ventilation Expert's costs and fees.

## V.   Testing, Isolation, and Quarantine for COVID-19

14.     All detainees and staff who are displaying the symptoms of COVID-19 as defined by the CDC shall be offered a test for COVID-19 as soon as practicable.

15.     All individuals tested for COVID-19 shall be informed of their test results as soon as practicable.

16.     When a person tests positive for COVID-19, the Jail shall use best efforts and all available resources, including cameras, logs, and other records, to perform contact tracing in accordance with both the CDC's guidelines and the guidelines of the Shelby County Health Department and will offer to test and shall quarantine any detainees who would be, based upon information learned via said contact tracing, recommended to be quarantined by the applicable guidelines from the CDC and/or the Shelby County Health Department.

17.     Detainees who test positive for COVID-19 will be isolated in accordance with CDC guidelines and will not be allowed into the general population unless or until permitted pursuant to the CDC guidelines.

18.     Detainees held in isolation or quarantine because they have contracted or been exposed to COVID-19 shall have access to personal items and property, recreation time, and medical care.

## VI.   Hygiene and Personal Protective Equipment

19.     Defendants will provide (a) Class and Subclass members access to cleaning agents and materials to clean their cells and sleeping areas, in addition to the scheduling cleaning times; and, (b) within thirty (30) days of the Effective Date, Class and Subclass members with either (i) three surgical masks replaced weekly or (ii) two cloth masks not less than two-ply that shall be laundered twice a week by the Jail's laundry services and that shall be replaced as needed (the "Two-Ply Masks"). If within thirty (30) days of the Effective Date, Defendants are not in possession of a sufficient number of the Two-Ply Masks, then it may supply Class and Subclass members with two cloth masks approved by the Tennessee Department of Health (laundered twice a week by the Jail's laundry services and replaced as needed) which it will replace continuously with Two-Ply Masks as soon as Defendants, acting with all reasonable dispatch and using their best efforts, acquire them.

## VII.   Social Distancing

20.     In keeping with the June 18, 2020 Order (ECF No. 56), the Independent Inspector shall review the Jail's efforts to maximize social distancing, including by reviewing the safety of the population levels of the Jail's housing areas, and the work of the Jail's Expeditor, and make

recommendations, as informed by the CDC and other industry-related guidance on COVID-19 safety measures, regarding how Defendants can and should maximize social distancing. Defendants shall implement those recommendations, or explain (in accordance with Paragraph 10) why, using their best efforts, Defendants will not or cannot adopt the Independent Inspector's recommendation(s).

## VIII.   Enforcement and Modification

21.   This Court shall retain jurisdiction over the parties for purposes of modifying or enforcing this Decree.

22.   **Dispute Resolution**.  If a party to this Decree believes a dispute exists relating to the performance or interpretation of this Decree, counsel for the party will notify opposing counsel in writing, describing the dispute and clearly identifying that they are invoking the dispute resolution practice.  The other party shall respond in writing to such notice within seven (7) business days of receipt of the notice.  Within seven (7) business days of receipt of the response, counsel for both parties shall meet and confer and attempt to resolve the issue.  If, however, Plaintiffs' counsel are notified of an issue posing an immediate and serious risk to the health and safety of Plaintiffs or Class or Subclass members that requires prompt resolution to protect the health of Plaintiffs or Class or Subclass members, Plaintiffs' counsel will provide written notice to Defendants' counsel and the parties will engage in good-faith efforts to resolve the matter prior to Plaintiffs seeking court intervention.  Notwithstanding the foregoing, Plaintiffs reserve the right to seek court intervention in a shorter timeframe than described elsewhere in this Paragraph should an issue they reasonably believe requires prompt resolution to protect the health and safety of Class or Subclass members arise.  Only if the parties are unable to resolve the dispute through the process described in this Paragraph may the dispute be submitted for judicial resolution.

23.   **Court Resolution**. Subsequent to the parties engaging in and completing the dispute resolution process as set forth in Paragraph 22, Plaintiffs may seek enforcement of this decree if Defendants fail to comply with any terms of this Decree, including if Plaintiffs have a good faith basis to believe that Defendants have not engaged best efforts to adopt the recommendations of the Independent Inspector or the Ventilation Expert (if applicable pursuant to Paragraph 13).  If Plaintiffs seek enforcement of this Decree and obtain relief from the Court as a result of seeking such enforcement, Plaintiffs may seek an award of the reasonable attorneys' fees and costs incurred in seeking enforcement of this Decree.  Should Plaintiffs elect under such circumstances to seek enforcement of this Decree and the Court deny the relief sought on grounds that Plaintiffs' action is frivolous, unreasonable, or without foundation, Defendants may seek an award of the reasonable attorneys' fees and costs incurred in responding to Plaintiffs' attempt to seek such enforcement.

24.   **Changes to Defendants' Policies and Procedures**.  Plaintiffs recognize that Defendants maintain discretion to implement any and all policies and procedures in responding to emergency situations related to the COVID-19 pandemic taking into consideration legitimate penological interests, constitutional requirements, and their overarching goals and objectives in preventing the spread of COVID-19.  Defendants will act in good faith when exercising their discretion and best efforts related to this Decree.  Nothing in this Decree limits Defendants' discretion to respond as it deems necessary to the COVID-19 pandemic.  In the event that such a

response requires a modification of the terms of this Decree, Defendants will give Plaintiffs' counsel notice of the change as soon as practicable, but within fourteen (14) days of any material alteration.  Plaintiffs' counsel retains the ability to challenge the use of such discretion if Plaintiffs' counsel has reason to believe that Defendants have not exercised their discretion in good faith. Should any dispute under this provision need to be resolved by the Court, Paragraph 23 shall apply as to awarding fees and costs to the party obtaining relief from the Court.  Given the evolving understanding of COVID-19, the changing access to resources and treatments, and the appropriate responses to it, Defendants will continue in good faith to take and incorporate input and updated guidance from the CDC, WHO, Independent Inspector, Ventilation Expert (if applicable pursuant to Paragraph 13), and other public health authorities.

25. **Other Modifications**.  The parties may mutually agree to changes to this Decree at any time before the entry of a final judgment pursuant to the terms of this Decree.  If the parties are able to agree on a necessary change to this Decree, they shall present any such changes to the Court for approval by joint motion.

## IX.   Confidentiality

26. Any information disclosed, shared, or obtained by any party in connection with this Decree and marked "Confidential" is subject to the Stipulated Protective Order dated June 29, 2020 (ECF No. 75).

## X.   Stay of Litigation

27. Upon entry of this Decree, the case shall be stayed unless and until Plaintiffs undertake any action to seek enforcement of this Decree pursuant to the provisions herein.  On motion by either party, the Court will consider whether to lift the stay in the case.

## XI.   Termination

28. This Decree will terminate upon the earliest of either (a) a declaration by the CDC and the Tennessee Department of Health that the COVID-19 pandemic is over and/or has ended, or (b) an FDA-approved COVID-19 vaccine is offered to and administered according to FDA guidelines to all detainees housed at the Jail for a period of more than fourteen (14) days and who accept a vaccination, along with educational materials about the vaccine and non-punitive incentives to take the vaccine.  Upon termination of this Decree pursuant to this Paragraph, the parties shall inform the Court and the Court shall enter a final judgment of dismissal.

29. If this Decree has not otherwise terminated one year after the Effective Date, the parties may, at any time, jointly move the Court to terminate the Decree.  If the parties do not agree that the Decree should terminate one year after the Effective Date, Defendants shall have the right, at any time, to petition the Court to terminate the Decree on the grounds that the Decree is no longer necessary.

## XII.   No Prevailing Party

30. No Party shall be considered to be the "prevailing" or "successful" party within the meaning of any statute or law as a result of this Decree. Each party shall bear its own costs,

attorneys' fees, and expenses incurred up to the date of the entry of this Decree, except for as outlined within the Release and Settlement Agreement agreed upon by the parties.

## XIII.    18 U.S.C. § 3626(a)(1)(A)

31.    For purposes of jurisdiction and enforcement of this Decree only, the parties jointly request that the Court find that this Decree satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct any violation of a federal right, and is the least intrusive means necessary to correct any violation of the federal rights of the Plaintiffs. Notwithstanding, nothing in this Decree shall be construed as an admission by any party of any wrongful conduct whatsoever against any person or party.


Judgment is hereby entered in accordance with the foregoing Decree this _____ day of
_____, 2021.


_____
The Honorable Sheryl H. Lipman