# Exhibit C

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement") is entered into between Plaintiffs Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Philips, by and on their own behalf and on behalf of a class of similarly situated persons (collectively "Plaintiffs"), and Floyd Bonner, Jr., in his official capacity as the Shelby County Sheriff, and the Shelby County Sherriff's Office (collectively "Defendants") (together with the Plaintiffs, "the Parties," and each one a "Party").

## DEFINITIONS

1. "Case" or "Matter" refers to the lawsuit captioned *Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Phillips, on behalf of themselves and all others similarly situated v. Floyd Bonner, Jr., in his official capacity, Shelby County Sheriff, and the Shelby County Sheriff's Office*, Case No. 2:20-cv-2359, filed in the United States District Court for the Western District of Tennessee.

2. "Class" is defined pursuant to ECF No. 38, Pg.ID 687.

3. "Consent Decree" refers to the Consent Decree entered by the Court in this Case.

4. "Named Plaintiffs" is defined to include Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Philips.

## OBLIGATIONS OF THE CLASS

5. MOTION FOR PRELIMINARY APPROVAL OF CONSENT DECREE AND CLASS SETTLEMENT: As soon as practicable after both parties have executed this Agreement, Named Plaintiffs on behalf of themselves and the Class shall file a joint or unopposed motion requesting that the Court preliminarily approve the Agreement and Consent Decree, and further requesting that upon such preliminary approval the Court will schedule a hearing pursuant to Fed. R. Civ. P. 23(e), after which the Court will determine whether to grant its final approval of the Agreement and Consent Decree.

6. NOTICE AND FINAL APPROVAL: The Parties will work cooperatively to draft a Court-approved Notice to the Class, which will be transmitted to the Class and which, upon Court approval, shall be posted in the pod areas housing pre-trial inmates of the Shelby County Jail. The Parties agree that there shall not be the need of any class administrator and no Party shall appeal the Consent Decree or the final judgment in the Case. In the event the Parties cannot agree on the language of Notice, they shall submit the issue to the Court for resolution.

7. RELEASE: Following the termination of the Consent Decree and upon the Court's entry of a final judgment in the Case, as a full and final settlement of the above cause of action, for the sole consideration of the amount listed in Section 15, Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martinez, Joseph Nelson, and Mark Philips, by and on their own behalf and on behalf of a class or sub-class of similarly situated persons, and their attorneys, representatives, heirs and successors, does hereby forever and absolutely release, acquit, and discharge Floyd Bonner, Jr., in his official capacity as the Shelby County Sheriff, Shelby County,

Tennessee and the Shelby County Sheriff's Office, and all of its representatives, officials, officers, agents, servants, employees, successors, and assigns (hereinafter also referred to collectively as "Released Parties") from any and all liability related to the complaints and proposed amended complaints in the Case. This Release excludes claims relating to or arising out of the Consent Decree after it is entered by the Court and any claims that arise after the termination of the Consent Decree and the entry of final judgment in the Case.

8. NO ADMISSION OF WRONGDOING BY SHERIFF: It is expressly agreed and understood that this Agreement is not to be construed as an admission of liability or wrongdoing on the part of any of the Released Parties, that the Defendants vigorously maintain that they acted appropriately and reasonably at all times given the information and circumstances then and there known, and that the payment pursuant to Section 15 is in compromise and resolution of the Plaintiffs' allegations, which are not admitted. Based upon the above, it is understood that Defendants are paying the consideration outlined within Section 15 of this Agreement in an effort to avoid any continued expenses and costs resulting from protracted litigation.

9. CONTENTION OF PLAINTIFFS. Plaintiffs rely upon their own judgment, beliefs and knowledge of their rights, having been counseled regarding their rights by their attorneys of record.

## OBLIGATIONS OF PARTIES

10. TERMS. The Parties and their Counsels of Record agree to abide by the Consent Decree, the terms of which are incorporated as though fully set forth herein.

## GENERAL PROVISIONS

11. INTEGRATION. The Parties understand, acknowledge, and agree that this Agreement together with the Consent Decree constitutes the entire agreement of the Parties regarding the subject matter and transactions referred to herein. The Parties understand, acknowledge, and agree that the terms of this Agreement are contractual in nature and not mere recitals. As such, the Parties understand, acknowledge, and agree that this Agreement is fully integrated and supersedes all previous oral or written agreements of the Parties.

12. BINDING EFFECT. This Agreement shall inure to the benefit of, and be binding upon, the successors, assigns, and heirs of the Parties and the terms and obligations contained herein shall not be terminated upon the final order of dismissal to be entered pursuant to the Consent Decree.

13. PROTECTIVE ORDER. Any information disclosed, shared, or obtained by any Party in connection with this Agreement and marked "Confidential" is and will remain subject to the Stipulated Protective Order dated June 29, 2020 (ECF No. 75).

14. SEVERABILITY. If any provision of this Agreement should be declared unenforceable, the remainder of this Agreement shall continue to be binding upon the Parties.

15. COSTS and FEES. The Parties agree that, in full and final settlement of this action, Defendants shall pay Plaintiffs' counsel $84,790.31 to reimburse for their costs incurred in

connection with this Case, and that otherwise each Party shall bear their or its own costs, expenses, mediation costs, and attorneys' fees and that no fees, attorney fees, or, expenses shall be requested or awarded to either party except as provided for in the Consent Decree.

16. EXECUTION IN COUNTERPARTS. This Agreement may be executed in counterparts or with signatures obtained via facsimile transmission or scan and electronic mail transmission, each of which shall have full force and effect upon execution by all Parties to this Agreement. Each person signing this Agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on the Plaintiffs and enforceable in accordance with its terms.

Accepted and agreed:

for Plaintiffs:

THE AMERICAN CIVIL LIBERTIES UNION

By: *[signature]*
Name: Andrea Woods
Date: 12/29/20

for Defendants:

PENTECOST, GLENN, & MAULDIN, PLLC

By: *[signature]*
Name:
Date: 1/6/21

SHELBY COUNTY, TENNESSEE

By: *[signature]*
Name: Mayor Lee Harris
Date:

3