# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT
CONCERNING PROTECTION OF MEDICALLY VULNERABLE AND
DISABLED PERSONS IN THE SHELBY COUNTY JAIL FROM COVID-19

### INTRODUCTION AND BACKGROUND

This Notice is to inform members of the respective "Class" and "Subclass" (as defined below) of a proposed settlement of a class action lawsuit to protect medically vulnerable and disabled persons held in the Shelby County Jail from COVID-19. Lawyers for the Class and lawyers for the Sheriff have spent several months attempting to reach an agreement to end this lawsuit. They have reached a proposed settlement agreement in the form of a proposed Consent Decree, which is summarized below. The Consent Decree is also available for your review by requesting it from a pod counselor. The Court must decide whether to approve the Consent Decree. Before doing so, if you are a member of the Class or Subclass, you have the opportunity to submit any objection to the Court if you disagree with the terms of the settlement. Please be advised that if you fail to follow the exact procedures and deadline for filing objections to the proposed settlement, you will lose any opportunity to object to any part of the proposed Consent Decree.

The class action lawsuit dealt with whether people at the highest risk of serious illness if they catch COVID-19 were safe. You are a member of the "Class" if you are 65 years old or older, or if you have a medical condition that puts you at higher risk of serious illness if you get COVID-19, such as heart disease, diabetes, hypertension, COPD, are obese with a body mass index (BMI) of over 40, as well as other conditions. Most people in the "Class" are also in the "Subclass," (unless you are in the Class because of your age or BMI). The Subclass are people with disabilities protected by the Americans with Disabilities Act. If you are not sure whether you are in the Class or Subclass, you can refer to the Court's order certifying the classes which is attached here and available from each pod counselor or you can call this toll-free number, 800-351-4313, from 9 a.m. to 12 p.m.

### PROPOSED CONSENT DECREE

To resolve this case, the lawyers for the parties have agreed to request that the Court enter the attached proposed Consent Decree as an Order of the Federal District Court. This means that the Jail would need to comply with the terms of the Consent Decree. If the Court enters the Consent Decree, but the Jail does not follow the terms of the Consent Decree, the lawyers for the Class can tell the Court that the Jail is violating the agreement. The Court will ensure all parties follow the terms of the agreement. If the Court enters the Consent Decree, but you feel the Jail is not following the terms outlined below, you can call the lawyers for the Class at this toll-free number, 800-351-4313, from 9 a.m. to 12 p.m. You can call collect and you will not be recorded. A summary of the key terms of the proposed Consent Decree is as follows:

### Independent Inspections and Reporting

- The Jail will report COVID-19-related data to an Independent Inspector and to the lawyers for the Class on a periodic basis. This data will include the total population of the Jail as a whole and by housing unit, the number of COVID-19 tests conducted, and the results of those tests.

- The Inspector will come at least once every ninety days to inspect the Jail. The Inspector will make unannounced visits. The Inspector must be granted unrestricted access to the Jail.

### Ventilation

- The Jail is currently improving the ventilation and air quality. The Jail will have to prove to the lawyers for the Class that the ventilation and air quality are safe. If the lawyers for the Class still think that either the ventilation or the air quality is unsafe, then an Expert will come to inspect the Jail. The Expert will make recommendations to the Jail. The Jail will either implement those recommendations, or will explain why it will not or cannot implement them.

### Testing, Isolation, and Quarantine for COVID-19

- All individuals who are showing symptoms of COVID-19 shall be offered a test for COVID-19 as soon as practicable.

- All individuals tested for COVID-19 shall be informed of their test results as soon as practicable.

- When a person tests positive for COVID-19, the Jail will perform contact tracing. People who come into contact with someone that tests positive for COVID-19 will be offered tests and quarantined as recommended by the applicable guidelines from the CDC and/or the Shelby County Health Department.

- Individuals who test positive will be isolated. Individuals who are isolated will only return to the general population in accordance with CDC guidance.

- Individuals who are quarantined or isolated because they have contracted or been exposed to COVID-19 will have access to personal items and property, recreation time, and medical care.

### Hygiene and Personal Protective Equipment

- In addition to the scheduled cleaning times, Class and Subclass members will be provided access to cleaning products to clean their cells and sleeping areas.

- Individuals of the Class and Subclass will receive three surgical masks that must be replaced every week, or two two-ply cloth masks that the Jail must launder twice a week. The Jail must replace these cloth masks as needed. If the Jail does not have enough of these two-ply cloth masks, it may give individuals two cloth masks approved by the Tennessee Department of Health. These must also be laundered twice a week and replaced as needed. The Jail must replace these cloth masks with two-ply cloth masks as soon as possible. Two-ply cloth masks have two layers of cloth instead of one.

### Social Distancing

- The Independent Inspector will review the Jail's efforts to maximize social distancing and make recommendations for improving social distancing. The Jail must implement these recommendations, or explain why it will not or cannot implement them.

- The Independent Inspector will review whether the population levels of the Jail are safe. The Independent Inspector will also review the work of the Jail's Expeditor to evaluate Class and Subclass members to determine whether their cases should be presented to the District Attorney, criminal defense counsel, and/or the presiding Judge for consideration of release on less restriction conditions than detention.

## REASONS FOR PROPOSING COURT APPROVAL OF THE CONSENT DECREE

Counsel for the parties decided to settle the case because of the risks of litigation and the need for a quick and effective resolution to protect members of the Class and Subclass from COVID-19. The lawyers cannot control what would happen if the case went to trial. It would also take many months to litigate the case to trial and to receive a judgment from the Court. A settlement achieves immediate protections from the pandemic for members of the Class and Subclass. Plaintiffs' counsel believes that these protections are substantial and that they may exceed what could be obtained through litigation. Counsel for both parties believe the settlement is fair and reasonable.

## PROCEDURE AND DEADLINES TO OBJECT TO THE CONSENT DECREE

The Court has set a hearing to consider whether to approve the proposed Consent Decree. That hearing is set to occur on _____ ___, 2021 at the U.S. District Court for the Western District of Tennessee.

If you agree with the proposed Consent Decree, which is available from your respective pod counselor, you do not need to do anything. Once the Court enters the Consent Decree, everyone in the Jail and in the Class and Subclass will benefit from it automatically. If you are a member of the Class or Subclass and wish to object to the terms of the Consent Decree, you must do so in writing no later than _____ ___, 2021.

3

Your written objections should be addressed as follows:

Clerk of the Court
RE: Busby et. al v. Bonner et al., 2:20-cv-02359-SHL-atc
U.S. District Court for the Western District of Tennessee
167 North Main Street #242
Memphis, TN 38103

## **ADDITIONAL INFORMATION**

Should you have questions or seek additional information regarding this matter, you are directed to contact counsel for Plaintiffs as follows:

ACLU of Tennessee
Re: Shelby County Class Action
P.O. Box 120160
Nashville, TN 37212
800-351-4313