IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FAVIAN BUSBY and MICHAEL EDGINGTON, on their own behalf and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 2:20-cv-2359-SHL-atc |
| FLOYD BONNER, JR., in his official capacity, and SHELBY COUNTY SHERIFF'S OFFICE, | )<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This class action for declarative and injunctive relief and/or a writ of habeas corpus under 48 U.S.C. § 2241 as well Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehab Act"), which seeks to protect as much as possible Plaintiffs' safety while detained in the Shelby County Jail ("the Jail") during the current pandemic caused by COVID-19, (ECF Nos. 1, 50), is now before the Court for Final Approval of Class Action Settlement.

   **I.   Procedural History**

As the history of this case has been detailed in numerous filings, the Court briefly summarizes the relevant procedural history. On June 10, 2020, the Court certified a Class and Subclass of medically vulnerable and disabled individuals detained pre-trial at the Jail who were at increased risk of serious injury or death from COVID-19, based on the guidance from the Centers for Disease Control. (ECF No. 38.) The Parties subsequently agreed to a resolution of the claims and moved for preliminary approval of class action settlement pursuant to Federal

Rule of Civil Procedure 23(e).  (ECF No. 161.)  On January 28, 2021, the Court found that Rule 23(e) was satisfied and granted preliminary approval.  (ECF No. 162.)  The Court also granted permission to post class notice as modified and scheduled a Final Approval hearing for March 5, 2021.  (ECF No. 162.)

During the March 5 hearing, the Court notified the Parties that the Independent Inspector, appointed by the Court to render an expert opinion on the current health and safety of medically-vulnerable Plaintiffs-detainees at the Jail, (ECF No. 56), had raised concerns regarding the sufficiency of the Notice of the settlement to class and subclass members in the Jail's housing units.  (ECF No. 176.)  Given the concerns raised, the Court directed the Parties to devise a new plan for distribution of Notice, to include a one-page document to be distributed to all detainees, and reset the Final Approval hearing for April 9, 2021.  (ECF No. 177.)  The Parties submitted a revised Plan for Distributing Notice and proposed One-Page Notice of Class Action Settlement ("One-Page Notice"), which the Court approved on March 15, 2021.  (ECF No. 181.)

## II.     Final Approval Hearing

On April 9, 2021, the Court held the Final Approval hearing.  As discussed at the hearing, the Court received approximately 70 letters from detainees following distribution of the One-Page Notice.  The number of letters received following the revised Notice confirms for the Court that Class members have been adequately apprised of the Settlement Agreement and been afforded an opportunity to object.  In total, the Court has received over 80 letters from detainees, which the Court reviewed for objections to the Settlement.  Though approximately 28 letters nominally state "objections," the Court finds that the so-called objections primarily express concern about the Jail's compliance with the terms of the Settlement, rather than objections to

the Settlement terms themselves.  Thus, the Court does not find any objection causing it to conclude that the proposed Settlement is unfair, unreasonable, or inadequate.

Thus, Final Approval is **GRANTED**.  Upon entry of judgment, the Court will retain jurisdiction over this matter for enforcement purposes.

**IT IS SO ORDERED,** this 12th day of April, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
