## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

FAVIAN BUSBY and MICHAEL
EDGINGTON, on their own behalf and on
behalf of those similarly situated,

    Plaintiffs,

v.

FLOYD BONNER, JR., in his official
capacity, and SHELBY COUNTY
SHERIFF'S OFFICE,

    Defendants.

No. 2:20-cv-2359-SHL-atc

## ORDER GRANTING JOINT MOTION FOR STIPULATED CHANGE TO CONSENT DECREE AND DENYING AS MOOT MOTION TO ENFORCE THE CONSENT DECREE

Before the Court is the Parties' Joint Motion for Stipulated Change to Consent Decree, ("Joint Motion") (ECF No. 358), filed May 23, 2023. On June 10, 2020, the Court certified a Class and Subclass of medically vulnerable and disabled individuals detained pre-trial at the Shelby County Jail who were at increased risk of serious injury or death from COVID-19. (ECF No. 38.) On January 22, 2021, the Parties agreed to a Consent Decree that resolved the claims and moved for preliminary approval of a class action settlement. (ECF No. 161.) The Court approved the Consent Decree and granted preliminary approval of the settlement. (ECF No. 162.)

Paragraphs 28 and 29 of the Consent Decree set forth the procedures for how the Consent Decree may be terminated. (ECF No. 161-2 at PageID 3210.) In their Joint Motion, the Parties move to replace Paragraphs 28 and 29 of the Consent Decree with the following language:

28. This Decree will terminate on October 1, 2023. Upon termination of this Decree pursuant to this Paragraph, the parties shall inform the Court and the Court shall enter a final judgment of dismissal. If any motion timely filed in good faith under Section VIII of the Decree is pending and unresolved by the Court at the time of expiration, this Decree shall not expire until such time as the Court resolves the motion. However, should such a motion remain unresolved at the time of expiration, nothing in this Paragraph shall prevent Defendants from moving to terminate the Decree at that time or at any time thereafter.

(ECF No. 358 at PageID 7143.) The Parties state that the modification is necessary and appropriate, given the changed circumstances of the COVID-19 pandemic. (Id.) In addition, Plaintiffs agree not to move before October 1, 2023, to modify the Decree to extend it, and Defendants agree not to move before October 1, 2023, to terminate the Decree. (Id. at PageID 7144.)

Having shown good cause, the Court **GRANTS** the Joint Motion. The Parties are **ORDERED** to file an Amended Consent Decree as a separate docket entry within seven (7) days of this Order. Additionally, as agreed to in the Joint Motion, Plaintiff's pending Motion to Enforce the Consent Decree, (ECF No. 345), is **DENIED AS MOOT,** and the hearing currently set for June 5, 2023, is **CANCELLED**.

**IT IS SO ORDERED,** this 25th day of May, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE