IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FAVIAN BUSBY, ET AL., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No.: 2:20-CV-02359-SHL |
| | ) |
| FLOYD BONNER, JR., ET AL., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Defendants Floyd Bonner, Jr., Shelby County Sheriff, and the Shelby County Sheriff's Office (collectively referred to as "Defendants"), by and through undersigned counsel, respectfully respond in opposition to Plaintiffs' Motion for Extension of Time. (ECF No. 368.)

**BACKGROUND**

Plaintiffs originally initiated this case against Defendants as a class action, "challenging the constitutionality and legality of Plaintiffs' continued detention [in the Shelby County Jail ("the Jail")] in light of the COVID-19 pandemic." ("Consent Decree," ECF No. 161-2, PageID 3204.)

In an effort to avoid the "burden, expense, and disruption" of such "protracted litigation," the parties agreed to the entry of a Consent Decree ("the Decree"). (*Id.*) On April 9, 2021, the Court held a final approval hearing and approved the settlement. (ECF No. 209.) Notably, the Decree provided that no party would be deemed a "prevailing" or "successful party" and stated that each party would bear its own costs, attorneys' fees, and expenses incurred up to the date of the entry of the Decree except as outlined within the Release and Settlement Agreement agreed upon by the parties. (ECF No. 161-2, ¶ 30.)

On the other hand, the Decree did provide a means by which the parties could seek attorneys' fees in limited situations for certain, specific efforts taken related to enforcing the Decree. (ECF No. 161-2, ¶ 23.) Specifically, the Decree provided as follows:

> 23. **Court Resolution.** Subsequent to the parties engaging in and completing the dispute resolution process as set forth in Paragraph 22, Plaintiffs may seek enforcement of this decree if Defendants fail to comply with any terms of this Decree, including if Plaintiffs have a good faith basis to believe that Defendants have not engaged best efforts to adopt the recommendations of the Independent Inspector or the Ventilation Expert (if applicable pursuant to Paragraph 13). If Plaintiffs seek enforcement of this Decree and obtain relief from the Court as a result of seeking such enforcement, Plaintiffs may seek an award of the reasonable attorneys' fees and costs incurred in seeking enforcement of this Decree. Should Plaintiffs elect under such circumstances to seek enforcement of this Decree and the Court deny the relief sought on grounds that Plaintiffs' action is frivolous, unreasonable, or without foundation, Defendants may seek an award of the reasonable attorneys' fees and costs incurred in responding to Plaintiffs' attempt to seek such enforcement.

(ECF No. 161-2, ¶ 23.)

After the entry of the Decree, Plaintiffs sought enforcement of the Decree via a Motion to Enforce. (ECF No. 216-1.) Plaintiffs filed said motion on May 19, 2021 – just over one month after the Court approved the Decree.[1] Subsequently, Defendants filed a Motion to Terminate the Decree on June 2, 2021. (ECF No. 218.) Later, this Court denied Defendants' Motion to Terminate (ECF No. 258), and Defendants appealed to the Sixth Circuit. (ECF No. 259.)

While Defendants' appeal of the Court's Order on Defendants' Motion to Terminate remained on appeal, the parties reengaged in litigation on Plaintiffs' Motion to Enforce. The Court ultimately issued two separate orders on Plaintiffs' Motion to Enforce. The Court entered the first order on January 3, 2022, when the Court denied Plaintiffs' demand that the Court order Defendants to implement a toll-free hotline. (ECF No. 297.) Plaintiffs did not appeal the Court's

---

[1] Plaintiffs failed to follow the Decree's requirement that they engage in the dispute resolution practice prior to bringing said motion. (ECF No. 220, PageID 3794-96.)

ruling. The Court entered its second order on March 30, 2022. (ECF No. 316.) In its second Order, the Court almost wholly denied Plaintiffs' Motion to Enforce. While the Court ordered Defendants to provide the documentation requested in Inspector Wells' Report related to the Jail's small group meetings and plans for the development of its peer education program, the Court denied every other request from Plaintiffs.

Again, Plaintiffs' did not appeal the Court's Order. Instead, they filed a Motion for Revision of Order on Enforcement, seeking the Court reconsider its ruling. (ECF No. 319-1.) On August 4, 2022, the Court denied Plaintiff's Motion for Revision of Order on Enforcement. (ECF No. 328.) And once again, Plaintiffs did not appeal the Court's ruling.

The Sixth Circuit upheld this Court's Order on Defendants' Motion to Terminate on December 14, 2022. (ECF No. 337.) Neither party appear sought an appeal to the United States Supreme Court.

The parties later amended the termination provisions and other minor provisions of the Decree. (ECF No. 361.) Per the Amendment, the Decree terminated on October 1, 2023. (*Id.* ¶ 28.) On October 10, 2023, the Court held a final status conference with the parties. On October 11, 2023, the parties submitted a "Joint Notice that the Consent Decree has Terminated." (ECF No. 366.) On October 17, 2023, the Court entered a Supplemental Judgment terminating the Decree. (ECF No. 367.)

## ARGUMENT

I. **PLAINTIFFS' MOTION FOR EXTENSION SHOULD BE DENIED BECAUSE ANY MOTION FOR ATTORNEYS' FEES SHOULD HAVE BEEN FILED LONG AGO IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES OF THIS COURT.**

"A consent decree is essentially a settlement agreement subject to continued judicial policing." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). A consent decree can be

characterized as "both a contract and … a judicial act." *Id*. Although "[a] consent decree no doubt embodies an agreement of the parties and thus in some respects is contractual in nature…it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of the Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992). Thus, the Federal Rules of Civil Procedure are applicable to consent decrees generally and to any request for attorneys' fees made by the parties.

Here, any request for attorneys' fees would be untimely. Under the Federal Rules of Civil Procedure, a motion for attorneys' fees "must be filed no later than 14 days after the *entry of judgment*." Fed. R. Civ. P. 54(d) (emphasis added). The Western District of Tennessee adjusts this rule slightly. The applicable local rule requires a motion for attorney's fees to be "filed within 14 days from the date the Court's *judgment becomes final*." W.D. Tenn.. LR 54.1(b) (emphasis added); *see also* Fed. R. Civ. P. 54(d) (Courts are permitted to follow local rules that establish special procedures for fee-related issues).

Pursuant to Rule 54, "judgment" includes "a decree *and any order which an appeal lies.*" Fed. R. Civ. P. 54(a) (emphasis added). And importantly, an appeal lies in "[i]nterlocutory orders…granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C.S. § 1292; *see also Smith & Nephew, Inc. v. Nw. Ortho Plus, Inc.*, No. 2:12-cv-02476-JPM-dkv, 2013 U.S. Dist. LEXIS 18577, at *9 (W.D. Tenn. Feb. 12, 2013). As noted by the Sixth Circuit in considering an appeal related to a motion to enforce a consent decree, interlocutory appeals from orders expressly refusing injunctive relief are immediately appealable. *Blanchard v. City of Memphis*, No. 17-5868, 2018 U.S. App. LEXIS 5565, at *2 (6th Cir. Mar. 2, 2018) (citing 28 U.S.C. § 1292(a)(1)).

Here, Plaintiffs' Motion to Enforce the Consent Decree sought *injunctive* relief. And this

Court's orders concerning Plaintiffs' motion largely denied their requests for *injunctive* relief. (ECF No. 297; ECF No. 316; ECF No. 328.) In fact, as held by this Court, Plaintiffs' motions not only sought this Court to enforce the terms of the Decree, they also sought the Court to order relief that was *beyond the scope of the Decree*. (See Order, ECF No. 297, holding, "the Settlement Agreement and the Consent Decree represent the full extent of Defendants' obligations," and "neither discuss the hotline[.]; Order, ECF No. 316, PageID 5840, stating "the Court's jurisdiction is restricted to these matters and declines to expand the scope of the Consent Decree. Even if the Court ultimately agrees that certain conditions should be improved . . . this action is not the appropriate avenue to advocate for that improvement," and noting that some of the Plaintiffs' requested relief "exceed[ed] the bounds of the Parties' agreement."; Order, ECF No. 328 at PageID 6030, stating, "Plaintiffs' have not met their burden to provide new evidence for this Court to find that this issue falls within its jurisdictional reach."). In other words, not only did Plaintiffs seek injunctive relief by demanding enforcement, they sought *new* injunctive relief – relief beyond the relief contemplated by the terms of the Decree.

Because this Court's orders on Plaintiffs' attempts to enforce concerned injunctive relief, they were appealable orders in accordance with 28 U.S.C.S. § 1292. Because they were appealable orders, they each constituted "judgments" under Rule 54 of the Federal Rules of Civil Procedure. And because they constituted "judgments," Plaintiffs had a period of 14 days after those orders became final to seek the fees they incurred in seeking enforcement in accordance with Local Rule 54.1(b).

Of course, "[a]s a general rule, a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion." *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009); *see also Coleman v. Indymac Venture, LLC*, 966

F. Supp. 2d 759 (W.D. Tenn. 2013); *Harris v. Decision One Mortg. Co.*, No. 12-2224-SHM-cgc, 2013 U.S. Dist. LEXIS 191860, at *26 (W.D. Tenn. Mar. 25, 2013). Here, Plaintiffs appealed none of this Court's Orders concerning their Motion to Enforce. Thus, this Court's January 3, 2022, Order became final on February 2, 2022. (ECF No. 297.) This Court's March 30, 2022, Order became final on April 29, 2022. (ECF No. 316.) And this Court's August 4, 2022, Order became final on September 5, 2022. (ECF No. 328.) In other words, to the extent Plaintiffs intend to seek fees for their efforts in seeking "enforcement" of the Decree under Paragraph 23 of the Decree, their motion for fees should have been filed well over a year ago.[2]

Lastly, Defendants recognize that Plaintiffs have indicated that they intend on seeking fees related to Defendants' Motion to Terminate. While the language of the Decree clearly does not permit recovery for fees related to Defendants' Motion to Terminate, the Sixth Circuit's order on Defendants' Motion to Terminate would have become final on February 13, 2023. (sixty days after the Sixth Circuit's Order was entered). Thus, any request for fees related to Defendants' Motion to Terminate would likewise be untimely.

Because Plaintiffs' request for attorney's fees would be extremely untimely, their Motion for Extension of Time should be denied.

## II. PLAINTIFFS HAVE NOT DEMONSTRATED EXCUSABLE NEGLECT TO JUSTIFY AN EXTENSION OF TIME.

Though Plaintiffs' request for fees would be untimely, the federal rules permit a court to extend the time to file a motion "after the time has expired if the party failed to act because of

---

[2] Notably, the Court denied Plaintiffs relief in every respect *except* that the Court ordered Defendants to provide the documentation requested in Inspector Wells' Report related to the Jail's small group meetings and plans for the development of its peer education program. (ECF No. 316.) Defendants contend that said "relief" does not constitute relief at all because, among other things, Defendants were already providing Wells all documents requested from him. Defendants likewise contend that Plaintiffs would not be entitled to any attorneys' fees award.

excusable neglect." Fed. R. Civ. P. 6(b)(1); *see Robinson v. Lucas*, No. 02-2878 Ml/P, 2006 U.S. Dist. LEXIS 33155 at *4 (W.D. Tenn. May 15, 2006); *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, No. 2:14-cv-02703-SHM, 2017 U.S. Dist. LEXIS 127858, at *17 (W.D. Tenn. Aug. 11, 2017); *Allen v. Murph*, 194 F.3d 722 (6th Cir. 1999) (Where the party did not file an application for attorney's fees and nontaxable costs within 14 days of entry of judgment, and did not request enlargement of time within 14-day period, "the district court could permit late filing *only if* the delay was the result of 'excusable neglect'") (emphasis added). The party requesting the extension bears the burden of proving that their failure to act was the result of excusable neglect. *Wentz v. Best W. Int'l, Inc.*, No. 3:05-cv-368, 2007 U.S. Dist. LEXIS 19894, at *5 (E.D. Tenn. Mar. 20, 2007); *Curran v. Wepfer Marine Servs.*, No. 1:20-cv-1229-STA-jay, 2023 U.S. Dist. LEXIS 46574, at *5 (W.D. Tenn. Mar. 20, 2023). Importantly, "…inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect[.]'" *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

As previously explained, Plaintiffs' counsel should have filed their motion for attorneys' fees or extension long ago. In order for Plaintiffs' counsel to seek an extension now, the burden lies on them to show that their delay was the result of "excusable neglect." Plaintiffs' counsel has failed to do so. In fact, Plaintiffs' counsel fails to give any explanation for their delay in filing whatsoever. Indeed, throughout the case, Plaintiffs remained active, filed numerous motions, engaged in discovery, and corresponded with defense counsel and the independent inspector. They certainly *could have* filed a timely motion for fees. They simply never did. And to the extent that Plaintiffs' counsel failed to file their motion for attorneys' fees on time due to a misunderstanding of the rules, such a misunderstanding does not constitute excusable neglect. Accordingly, Plaintiff's Motion for Extension of Time should be denied.

### III.   DEFENDANTS' POSITION ON NEGOTIATIONS FOR SETTLEMENT.

Lastly, Defendants feel obligated to make clear one small matter in light of language used by Plaintiffs in their motion for extension. Plaintiffs indicated that the parties engaged in negotiations with the hope of settling this matter, but that Defendants' counsel "*now* states that they are opposed to this motion on the ground that 'any filing for fees is untimely…'" (ECF No. 368, PageID 7227, emphasis added). Without reveling specifics of negotiations, Defendants have maintained the opinion that any request for fees would be untimely throughout the entirety of the negotiations and made that clear to opposing counsel on October 20, 2023 – eleven days prior to the deadline Plaintiffs believed they had to file a motion for attorneys' fees.

### CONCLUSION

Based upon the foregoing, Plaintiffs' Motion for Extension should be denied.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By:   s/Nathan D. Tilly
James I. Pentecost (#11640)
Nathan D. Tilly (#31318)
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995

AND

Marlinee C. Iverson (#18591)
R.H. "Chip" Chockley (#20680)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically via the ECF filing system. Accordingly, notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

  DATE:  This the 31st day of October, 2023.

            By: <u>s/Nathan D. Tilly</u>
               Nathan D. Tilly