IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FAVIAN BUSBY and MICHAEL EDDINGTON, on their own behalf and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>Vs.<br><br>FLOYD BONNER, JR., in his official capacity, and SHELBY COUNTY SHERIFF'S OFFICE,<br><br>    Defendants. | No. 2:20-cv-2359-SHL-atc |

AFFIDAVIT OF ROBERT L. HUTTON

**STATE OF TENNESSEE**

**COUNTY OF SHELBY**

Comes now your affiant, Robert L. Hutton, and does declare under oath as follows:

1. My name is Robert Louis Hutton. I am an adult, resident citizen of Memphis, Shelby County, Tennessee.

2. I am a practicing attorney with the law firm of Glankler Brown, PLLC in Memphis, Tennessee. A true and accurate copy of my curriculum vitae is attached hereto as Exhibit A.

3. I have been licensed to practice law since 1992, and have continuously practiced law in Shelby County, Tennessee for over 31 years. As part of my practice, I have extensive experience representing plaintiffs and/or prisoners in federal habeas corpus proceedings

4. and federal civil rights proceedings. I also have substantial experience in jail condition litigation.

5. Based upon my education, knowledge and experience, I am qualified to provide an opinion as to the reasonableness of an attorney's fee request relating to litigation of a jail conditions case, a federal habeas corpus proceeding, or a federal civil rights case. I am also familiar with the prevailing rates charged by attorneys in this local market for habeas litigation and federal civil rights litigation.

5. I have been asked to provide an opinion as to the reasonableness of a request for attorney's fees by Mr. Nathan Tilly and the law firm of Pentecost Glenn and Tilly, in the case of *Favian Busby and Michael Eddington v. Floyd Bonner, Jr.*, No. 2:20-cv-2359-SHL-atc (hereinafter "Federal Case"). This case was initially brought to address concerns of Covid 19 in the Shelby County jail, and protecting inmates who were susceptible to Covid.

6. I have litigated several cases against attorneys from the law firm of Pentecost Glenn and Tilly of Jackson, Tennessee, representing the adverse parties. I am familiar with their reputation and skills as attorneys.

7. In the Federal Case, Tilly and his firm represent the Defendants, Sheriff Floyd Bonner and the Shelby County Sheriff's Department, which operates the Shelby County Jail.

8. Plaintiffs' counsel in the Federal Case include the following attorneys: Nancy Rosenbloom, Andrea Woods, Amreeta Mathai, Maria Morris, Zoe Brennan-Krohn, Stella Yarbrough, Josh Spickler, Joseph J. Bial, and Brice Timmons.

9. The named Plaintiffs in the Federal case are Favian Busby, Terric Edwards, Russell Leaks, Saul Molina Martez, Joseph Nelson, and Mark Phillips. (collectively "Plaintiffs")

2

10. I do not represent any parties in the Federal case.

11. The Federal Case was settled by a Consent Decree dated April 12, 2021. Under Paragraph 28 of the Consent Decree, the Defendants may seek an award of reasonable attorneys' fees and costs incurred, should "Plaintiffs elect under such circumstances to seek enforcement of the Decree and the court deny relief on the grounds that Plaintiffs' action is frivolous, unreasonable, or without foundation." Defendants assert that numerous requests for relief set forth in a motion to enforce the Consent Decree, which the Court determined to be outside the scope of the jurisdiction of the Consent Decree, are frivolous, unreasonable and/or without foundation, and thus warrant an award of a reasonable attorneys' fee.

12. The Federal Case sought habeas relief under 28 USC § 2241. This federal statute does not contain a fee shifting statute. However, the Consent Decree entered in the Federal Case provides for attorney's fees to be awarded against the Plaintiffs under certain conditions as set forth above. In my view this decree in essence provided for a contractual right for attorney's fees under Tennessee law. See *Dotson v. U.S. Dept. of Housing and Urban Development*, 731 F.2d 313, 318 (6th Cir. 1984).

13. I have been asked to provide an opinion as to whether the fees are reasonable as requested by Defense Counsel in responding to the portions of the Motion to Enforce the Consent Decree that were ultimately denied by the Court. In forming this opinion, I have reviewed time records provided to me by Mr. Tilly. I have also reviewed the Consent Decree, the docket sheet, various pleadings and orders, and discussed extensively with Mr. Tilly the nature, scope and difficulty of the litigation.

14. Mr. Tilly has submitted statements for my review for the period spanning July 23, 2021 through May 2, 2022, detailing dates and time that Defense counsel worked on defending claims purportedly seeking to enforce the Consent Decree, for which the Defendants were ultimately successful. Defendants are not seeking recovery for all time recorded in these statements. Rather, they only seek recovery for time attributable to responding to Plaintiff's efforts in enforcing the decree that the Defendants assert are frivolous, unreasonable, or without foundation.

15. The invoices reflect that Defendants are requesting $77,134.00 in fees, over a ten-month span for defending these claims. Defendants had four attorneys work on this matter, namely Jim Pentecost, Nathan Tilly, Austin Stokes and Haynes T. Russell. They are requesting fees at a rate of $250 per hour for each attorney, for a total of approximately 314 hours of work. The Defendants are also requesting $70 per hour for paralegal work.

16. Normally, under Tennessee law, in determining the reasonableness of an attorney's fee, courts should consider the factors set forth in Rule 1.5 (a) (1-10) of the Model Rules of Professional Conduct. *See Wright ex rel Wright v. Wright*, 337 S.W. 3d 166, 185 (Tenn. 2011); *Rivera v. Westgate Resorts, Ltd*, 2018 WL 1989620 (Tenn. Ct. App. 2018) at *4.

17. Rule 1.5 of the Professional Rules of Conduct provides as follows:

    (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
    (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
    (3) the fee customarily charged in the locality for similar legal services;
    (4) the amount involved and the results obtained;
    (5) the time limitations imposed by the client or by the circumstances;
    (6) the nature and length of the professional relationship with the client;

4

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

18. Under Rule 1.5 (a)(3), in determining the reasonableness of a fee courts are to consider "the fee customarily charged in the locality for similar legal services." Normally lawyers defending jail conditions litigation are paid hourly for the hours reasonably expended in representing the client.

19. Mr. Tilly's requested rate is certainly a reasonable rate for lawyers practicing in this market. Mr. Tilly is a member of his firm and has extensively practiced in this area for approximately ten years. In my opinion, $250 per hour is a very reasonable rate for the attorneys in his firm working on this matter. I am familiar with Mr. Tilly's reputation and the reputation of his firm. They have a reputation of being high quality, highly skilled, diligent, ethical attorneys who achieve excellent results for their clients. Furthermore, $70 per hour is a reasonable rate for paralegal services in this market.

20. I also believe that billing for 314.2 hours total work over a ten-month period is reasonable given the scope of the issues in responding to the motion to enforce the consent decree.

21. In my opinion, the factors set forth in Rule 1.5(a)(1),(3),(4),(7),(8) all support finding the fees requested by Defendants in the amount of $77,134.00 are reasonable. Typically defense firms in the Memphis market are paid on an hourly basis. The rate requested by Defendants of $250 per hour for attorneys and $70 per hour for paralegals, is what they typically charge for their services in this market and is actually on the low side for fees. By comparison, I typically charge $400 per hour for legal work in the same legal market.

The Defendants obtained excellent results, with the entirety of the motion to enforce the Consent Decree being denied, except for a document production request, which Defendants had already agreed to produce.

22. The other factors set forth in Rule 1.5 are not applicable to determining an appropriate fee in these particular circumstances.

Further Affiant Saith Not.

_____
Robert L. Hutton

Sworn to and subscribed before me this 30th day of October, 2023.

_____
NOTARY PUBLIC

My Commission Expires: 3/11/26

4856-1415-9500, v. 1

6

# Robert Louis Hutton
## Attorney at Law

## Contact Information

| | |
|---|---|
| *Business Address:* | Glankler Brown, PLLC<br>6000 Poplar Avenue, Suite 400<br>Memphis, Tennessee 38119 |
| *Business Telephone:* | (901) 525-1322<br>(901) 576-1714 (direct) |
| *Business E-mail:* | rhutton@glankler.com |
| *Business Facsimile:* | (901) 525-2389 |

## Education

| | |
|---|---|
| *Secondary Education:* | Christian Brothers High School<br>Memphis, Tennessee<br>Graduated May, 1985 |
| *Undergraduate Education:* | Vanderbilt University<br>Nashville, Tennessee |
| Degree:<br>Double Major:<br>Honors and Awards: | Bachelor of Arts (graduated May, 1989)<br>Classics and Philosophy<br>- Graduated Magna Cum Laude, with Departmental Honors in Philosophy<br>- Phi Beta Kappa<br>- President, Eta Sigma Phi (classics honorary)<br>- Gamma Beta Phi (academic honorary)<br>- Omicron Delta Kappa (leadership honorary)<br>- Honorable mention in the 1988-1989 Nabers Prize Competition for the Best Paper in Archeology |
| Departmental Honors Thesis: | "The Breakdown of Teleological Society" |


EXHIBIT A

| | |
|---|---|
| ***Legal Education:*** | Vanderbilt University<br>Nashville, Tennessee |
| Degree: | Doctor of Jurisprudence (conferred May 1992) |
| Honors and Awards: | - Winner, 1990 Johnson-Gibbs Appellate Advocacy Competition<br>- Member, Moot Court Board |

## Professional Background

| | |
|---|---|
| ***License to practice law:*** | Tennessee 1992 – present |
| ***Employment History:*** | Glankler Brown, PLLC<br>Associate 1992-2001<br>Member 2001-present |

## Honors and Awards

| | |
|---|---|
| 1986 | Certificate of Appreciation awarded by Memphis City Council |
| 1987 | Certificate of Recognition awarded by Memphis City Mayor Richard Hackett |
| 1988 | State finalist for the Rhodes Scholarship Competition |
| 2001 | American Inns of Court, Sandra Day O'Connor Award for Professional Services (First Recipient)<br><br>Dr. Martin Luther King Jr. Service Award<br><br>Memphis Bar Association Sam A. Myar Jr. Memorial Award |
| 2003-present | Martindale Hubbell "AV" Peer Review rating |
| 2004 | Memphis Bar Association's Champion Series, "Champion of Controversial Causes" |
| 2006 | Memphis Bar Foundation, named as "Fellow of the Foundation." |

| | |
|---|---|
| 2007 | Best Lawyers in America (Appellate Law) |
| 2008 | Best Lawyers in America (Appellate Law, Commercial Litigation, Non-white-collar criminal law) |
| 2010 | Granted Coat of Arms, Badge and Banner by Her Majesty's Royal College of Arms, United Kingdom |
| 2010 - present | Best Lawyers in America (Appellate Law, Commercial Litigation, Civil Rights Law, Non-white-collar criminal law, White-collar criminal law) |
| 2013 - present | Super Lawyers |
| 2010-2012 | Memphis Business Quarterly POWER Players |
| 2011 | Tennessee Bar Foundation, named as "Fellow of the Foundation." |
| 2012 | Christian Brothers High School Hall of Fame Inductee |
| 2018 | Tennessee Association of Criminal Defense Attorneys, Bill Reddick Death Penalty Award |

## Professional Associations

| | |
|---|---|
| 1992 – present | Memphis Bar Association (Board of Directors 1999-2000) |
| | Tennessee Bar Association |
| 1998-2002 | Leo Bearman, American Inns of Court |
| 1992 - 2005 | St. Thomas More Catholic Lawyers Guild<br>Vice President      2003<br>President             2004<br>Board of Directors   2001-2005 |

3

| | |
|---|---|
| 2006 | Memphis Bar Foundation |
| 2011 | Tennessee Bar Foundation |

## Publications

"The Irony of the Execution of Robert Glen Coe;" *Memphis Commercial Appeal*, May 21, 2000

*The Right of the Condemned to Have Counsel at Execution as Established in the case of Robert Glen Coe* 31 U. Memphis L. Rev. 757 (2001)

"Ethics, Conscience and Dissent" *The Bencher*, November 2002

## Faculty Appointments

Small Group Leader, The Center for American and International Law, *Capital Trial Advocacy Program*, Austin, Texas 2002.

Small Group Leader, The Center for American and International Law, *Capital Trial Advocacy Program*, Plano, Texas 2003.

## Published Judicial Opinions

| | |
|---|---|
| ***United States Supreme Court:*** | *Bell v. Cone*, 535 U.S. 685 (2002) |
| ***United States Court of Appeals:*** | *Abdus-Samad v. Bell*, 420 F.3d 614 (6th Cir. 2005)<br>*Alley v. Bell*, 307 F.3d 380 (6th Cir. 2002)<br>*Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568 (6th Cir. 2001)<br>*Cone v. Bell*, 359 F.2d 785 (6th Cir. 2004)<br>*Cone v. Bell*, 243 F3d 961 (6th Cir. 2001)<br>*Cone v. Bell*, 505 F. 3d 610 (6th Cir. 2007)<br>*Cooper v. Parrish*, 203 F.3d 937 (6th Cir. 2000)<br>*Thomas v. Westbrooks*, 849 F.3d 659 (6th Cir. 2017)<br>*Turner v. United States*, 848 F.3d 767 (6th Cir. 2017)<br>*Turner v. United States*, 885 F.3d 949 (6th Cir. 2018)(en banc)<br>*U.S. v. Johnson*, 416 F.3d 464 (6th Cir. 2005)<br>*U.S. v. Sorrells*, 145 F.3d 744 (5th Cir. 1998)<br>*Van Tran v. Colson*, 764 F. 3d 594 (6th Cir. 2014)<br>*Wallace v. Bank of Bartlett*, 55 F.3d 1166 (6th Cir. 1995) |
| ***United States District Courts:*** | *Alley v. Bell*, 101 F.Supp. 2d 588 (W.D. Tenn. 2000)<br>*Coe v. Bell*, 95 F.Supp. 2d 795 (M.D. Tenn. 2000)<br>*Coe v. Bell*, 89 F.Supp. 2d 962 (M.D. Tenn. 2000)<br>*Cone v. Bell*, 956 F.Supp. 1401 (W.D. Tenn. 1997) |

|  |  |
|---|---|
|  | *Cone v. Colson*, 925 F. Supp. 2d 927 (W.D. Tenn. 2013)<br>*Cooper v. Parrish*, 20 F.Supp. 2d 1204 (W.D. Tenn. 1998)<br>*Davis v. G.M.A.C.*, 406 F. Supp. 2d 698 (N.D. Miss. 2005)<br>*Little v. Shelby County*, 384 F. Supp. 2d 1169 (W.D. Tenn. 2005)<br>*Miller v. Shelby County*, 93 F.Supp. 2d 892 (W.D. Tenn. 2000)<br>*Van Tran v. Bell*, 145 F. Supp. 2d 939 (W.D. Tenn 2001) |
| ***State Courts:*** | *Coe v. State*, 17 S.W.3d 193 (Tenn. 2000)<br>*Coe v. State*, 17 S.W.3d 249 (Tenn. 2000)<br>*Coe v. State*, 17 S.W.3d 251 (Tenn. 2000)<br>*Pettes v. Yukon*, 912 S.W.2d 709 (Tenn. App. 1995)<br>*State v. Adler*, 92 S.W.3d 397 (Tenn. 2002)<br>*State v. Austin*, 87 S.W. 3d 447 (Tenn. 2002)<br>*State v. Carpenter*, 69 S.W. 3d 568 (Tenn. Crim. App. 2001)<br>*State v. Workman*, 111 S.W. 3d 10 (Tenn. Crim. App. 2002)<br>*White v. McBride*, 937 S.W.2d 796 (Tenn. 1996)<br>*Workman v. State*, 41 S.W. 3d 100 (Tenn. 2001) |

## Unpublished Judicial Opinions

|  |  |
|---|---|
| ***Federal Courts:*** | *Coe v. Bell*, 2000 US App. Lexis 24059 (6th Cir. 2000)<br>*Cone v. Bell*, 1999 WL34792853 (W.D. Tenn. 1999)<br>*Cone v. Bell*, 2010 WL 2901708 (W.D. Tenn. 2010)<br>*Cone v. Bell*, 2010 WL 2270191 (W.D. Tenn. 2010)<br>*Davis v. Sutton*, 2005 WL 3434633 (W.D. Tenn. 2005)<br>*Little v. Shelby County*, 2003 WL 23849734 (W.D. Tenn. 2003)<br>*McClarin v. City of Savannah, Tennessee*, 2008 WL 3895523 (W.D. Tenn. 2008)<br>*Rhea v. West Tennessee Violent Crime & Drug Task Force*, 2020 WL 5016698 (6th Cir. 2020)<br>*Rhodes v. Lauderdale County, Tenn.*, 2012 WL 4434722 (W.D. Tenn. 2012)<br>*Scallions v. Lauderdale County*, 2005 WL 1214263 (W.D. Tenn 2005)<br>*Sinclair v. Lauderdale County, Tenn.* 2016 WL 3402594 (6th Cir. June 21, 2016)<br>*Thomas v. Colson*, 2013 WL 5461854 (W.D. Tenn. 2013)<br>*U.S. v. Ninety Six Thousand One Hundred Dollars in US Currency*, 2007 WL 701249 (W.D. Tenn. 2007)<br>*U.S. v. Young*, 2004 WL 784840 (W.D. Tenn. 2004) |
| ***State Courts:*** | *Austin v. State*, 2006 WL 3626332 (Tenn. Cr. App. 2006) |

*Boyd v. State*, 1999 WL 33261797 (Tenn.Cr.App. 1999)
*Deposit Guaranty National Bank v. National Mortgage Co.*, 1994 WL 175596 (Tenn. App. 1994)
*Hudson, Holyfield & Banks, G.P. v. MNR Hospitality LLC* 2020 WL 4577483 (Tenn. Ct. App. 2020)
*Sims v. State*, 2014 WL 7334202 (Tenn. Crim. App. 2014)
*State v. Adler*, 2001 WL 1011461 (Tenn. Crim. App. 2001)
*State v. Austin*, 2001 WL 242576 (Tenn. Crim. App. 2001)
*Wells v. Rickard*, 1998 WL 803411 (Tenn. Crim. App. 1998)
*Wells v. Rickard*, 1997 WL 305295 (Tenn. Crim. App. 1997)

**Capital Defense:**

*Andrew Thomas v. Roland Colson*, (habeas corpus)
*Gaile Owens v. Earline Guida*, (habeas corpus)
*Gary Cone v. Ricky Bell*, (habeas corpus)
*Gregory Robinson v. Wayne Carpenter* (habeas corpus)
*Heck Van Tran v. Ricky Bell*, (habeas corpus)
*Michael Howell v. Ricky Bell*, (habeas corpus)
*Mikaéel Abdullah Abdus Samad v. Ricky Bell*, (habeas corpus) (clemency counsel)
*Phillip Workman v. State of Tennessee*, (post conviction) (coram nobis)
*Robert Coe v. State of Tennessee*, (competency for execution) (right to counsel at execution)
*Sedley Alley v. Ricky Bell*, (habeas corpus)
*State of Tennessee v. Richard Austin*, (trial counsel) (coram nobis)
*State of Tennessee v. Robert L. Carpenter*, (trial counsel)
*State of Tennessee v. Vincent Sims*, (post-conviction)
*State of Tennessee v. Edmund Zagorski (clemency counsel)*
*U.S.A. v. Robert L. Carpenter*, (trial counsel)
*U.S.A. v. Terance Johnson*, (trial counsel)
*U.S.A. v. Willie McCulley*, (trial counsel)
*Larry McKay v. Tony Mays* (habeas corpus)
*Larry McKay v. Tennessee* (coram nobus)

**Significant Public Interest Cases**

*Barrett v. Hardin County*, (ordered construction of new jail facility in Hardin County, Tennessee)

*Cone v. Bell*, argued before the United States Supreme Court as to what constitutes ineffective assistance of counsel in a capital case

6

*Davis v. Sutton*, (declared unconstitutional and ordered construction of new jail facility in Lauderdale County, Tennessee)

*Little v. Shelby County*, (declared unconstitutional Shelby County Jail)

*Robert Coe v. Bell*, (established right of counsel to be present at execution)

*Maben v. Williams*, (held Lauderdale County General Sessions Judge liable for damages for violation of civil rights)

*Philip Workman v. State* (established right of capital defendant to raise claims of factual innocence premised upon newly discovered evidence which were not raised earlier through no fault of the defendant).

*In re: Mika'eel Abdullah Abdus-Samad* (mounted clemency campaign resulting in Governor's commutation of client's death sentence to life imprisonment – first successful death sentence commutation in Tennessee since 1965).

*Rhodes v. Lauderdale County* (declared unconstitutional practice of detaining individuals solely for investigation)

## Other Business Activities

***Board of Directors:***    Chuck Hutton Co. (Memphis)
Chuck Hutton Chevrolet Co. (Memphis)
Chuck Hutton Toyota (Memphis)
Frase Protection, Inc.

***General Counsel:***    All Chuck Hutton companies listed above
Catholic Diocese of Memphis

## Charitable, Religious, and Philanthropic Activities

***Board of Directors:***    John Dustin Buckman Charitable Trust (Chairman) (Awards approximately $600,000 per year to children's charities in the Memphis area)

7

|  |  |
|---|---|
|  | Review Board for the Diocese of Memphis in Tennessee (Secretary) (Recommends policy and reviews allegations of sexual misconduct by clergy involving minors) |
|  | Catholic Charities, Inc. (2006-2010) |
|  | The Catholic Café, Inc. (President) (produces weekly radio program discussing Catholic beliefs) |
|  | Sovereign Military Order of Malta – Federal Association (2013-2021) |
| ***Other:*** | Sovereign Military Order of Malta-Federal Association<br><br>- Invested 2008<br>- Regional Hospitaller 2008-2012, 2021-present<br>- Vice Chancellor 2014 – 2015<br>- Promise of Obedience - 2015<br>- Chancellor 2016 – 2021<br><br>Equestrian Order of the Holy Sepulchre of Jerusalem (Invested November, 2003) (Promoted to Knight Commander, 2008)<br><br>Holy Rosary School Endowment Advisory Board<br><br>Granted Coat of Arms, Badge and Banner by Her Majesty's Royal College of Arms, United Kingdom, 2010<br><br>Sacred Military Constantian Order of Saint George (Knights of Merit 2012)<br><br>U.S.C.C.B. National Advisory Board (2023-2027)<br>Chair elect 2024<br>Chairman 2025 |

4844-4284-2882, v. 1