UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Favian Busby, Russell Leaks, and Joseph Nelson *on their own behalf and on behalf of those similarly situated*, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> Floyd Bonner, Jr., *in his official capacity*, Shelby County Sheriff, and the Shelby County Sheriff's Office, <br><br> Respondents-Defendants. | **REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME** <br><br><br> **Civil Action No. 2:20-cv-2359-SHL-atc** |

On October 27, 2023, Plaintiffs moved for a straightforward extension of time to file attorneys' fees motions because the parties were continuing to negotiate with the hope of settling the fees issue. Doc. No. 368. On October 30, the Court stayed the October 31, 2023 deadline to file attorneys' fees motions pending decision on this motion. Doc. No. 369. Since that date, negotiations reached an impasse, and Defendants argue in opposition to this extension request that any motions for attorneys' fees would be untimely. Doc. No. 370 at 3-9. The Federal Rules of Civil Procedure, the Local Rules of this district, the language of the Consent Decree in this case, and the Court's recent Supplemental Judgment retaining jurisdiction to decide any disputes over fees, all make it abundantly clear that timely fee motions must be brought within 14 days of the final judgment in the case. Defendants' argument that, instead, fee motions would have only been timely within 14 days of the deadlines for interlocutory appeals of the specific enforcement orders for which Plaintiffs are seeking fees, is without legal basis.

1

**Plaintiffs' Motion Is Timely**

This Court issued its Supplemental Judgment terminating the Consent Decree in this case and "retain[ing] jurisdiction to resolve any claims or disputes regarding attorneys' fees related to this case" on October 17, 2023. Doc. No. 367. Defendants present a novel theory that the date of Supplemental Judgment – the final judgment – in this case is not the operative date from which to count 14 days, but rather that the time to seek fees should run from 30 days after each order *within the case* for which Plaintiffs seek fees. Doc. No. 370 at 4-6. They are incorrect.

As Defendants acknowledge, Federal Rule of Civil Procedure 54(d)(2)(B) requires that "[u]nless otherwise provided by statute or order of the court, the motion [for attorney fees] must be filed no later than 14 days after entry of judgment." Fed.R.Civ.P. 54(d)(2)(B). Here, there is no statute that would alter the Rule's timeline, and the relevant order in the case is the Court' stay order. Rule 54(a) defines the term "judgment" and states that a judgment "includes a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a); Doc. No. 370 at 4. Here, the Court issued its final judgment in the case, by Order entitled "Supplemental Judgment," on October 17, 2023. Doc. 367. By operation of Rule 54, that judgment made any fees motions due no later than October 31, 2023. By order of this Court, that deadline is stayed pending resolution of Plaintiffs' motion for an extension of time. Doc. 369 (October 30, 2023).

Western District Local Rules clarify that "judgment" in this context is "final" judgment. W.D. Tenn. L.R. 54.1(b) ("from the date the Court's judgment becomes final"). Defendants do not dispute this. Doc. 370 at 4.

The language of the Consent Decree in this case underscores this point, and governs here. The parties agreed to a settlement, which the Court adopted when approving the Consent Decree. Paragraph 23 of the Decree governs the entitlement to attorneys' fees after the Consent

2

Decree's approval and settles the matter of fees and nontaxable costs from the start of the case through the date of the Consent Decree's approval. Doc. 161-2. The Decree itself specifically allows Plaintiffs to seek attorneys' fees and costs for successful "enforcement work." *Id.* By including this provision, the parties anticipated that attorneys' fee motions could be brought after the date of the Consent Decree's approval, and the Decree allows for enforcement work that could potentially occur up until the Decree would terminate with a final judgment in the case.

When this Court issued the final judgment in this case on October 17, it stated that the Consent Decree is terminated, the case is dismissed, and that the Court "retains jurisdiction to resolve any claims or disputes regarding attorneys' fees related to this case." Doc. 367 at 1. That Order retaining jurisdiction is flatly inconsistent with any argument that the time to move for fees has already expired.

**"Judgment," "Final Judgment," and "Related to This Case" All Mean the Judgment in the Case as a Whole**

The Court of Appeals is clear that "judgment" under Rule 54(d)(2) and "final judgment" under Local Rule 54.1 refer to the judgment in the case as a whole, and not a specific order within the case. This Court's language retaining jurisdiction to resolve attorneys' fees claims or disputes "related to this case" is consistent with the Rules. Doc. 367 at 1. The 14-day clock runs from the date of final judgment in the case. *See,* Advisory Committee Notes to Rule 54's 1993 Amendments (using the term "final judgment"). That time is even tolled by post-judgment motions. *See, Slep-Tone Entertainment Corp. v. Karaoke Kandy Store Inc.*, 782 F.3d 313 (6th Cir. 2015) (attorneys' fees motion was timely because timely post-judgment Rule 52 motion for findings of fact and conclusions of law tolled the 14-day period from judgment); *Miltimore Sales Inc. v. International Rectifier Inc.,* 412 F.3d 685, 687-89 (6th Cir. 2005) (attorneys' fees motion was timely because it was filed within 14 days of district court's denial of timely filed Rule 59(e) post-judgment motion

3

to alter or amend judgment; citing *Brown v. Local 58 International Brotherhood of Electrical Workers,* 76 F.3d 762 (6th Cir.1996) as "clearly applicable" including *Brown's* analysis as to whether the judgment was appealable under Fed. R. App. P. 4).

Defendants argue that the Court's enforcement orders were immediately appealable as interlocutory orders because they are orders granting or refusing injunctive relief. Doc. 370 at 4-5, citing 28 U.S.C.S. §1292. Defendants then make the extraordinary argument that if an interlocutory appeal of an order would lie, then that order is a "final judgment" for the purpose of attorneys' fees. Doc. 370 at 5 ("Because they were appealable orders, *they each constituted "judgments" under Rule 54 . . . .*") (emphasis added). This premise and leap of reasoning is not supported by the statutory language or case law.

28 U.S.C.S. §1291 provides that "final decisions" of district courts are appealable. 28 U.S.C.S. §1292(a)(1) provides that "interlocutory orders ... granting ... injunctions" are appealable. The fact that these are dealt with in separate statutory provisions establishes, under settled rules of statutory construction, that they are two different things. Thus, even if certain orders issued during litigation and before final judgment are appealable under certain circumstances under Section 1292, this does not make them "final decisions" under Section 1291.

The cases cited by Defendants therefore do *not* stand for the extraordinary proposition that any order from which an interlocutory appeal might lie under Section 1292 is also a final judgment under Section 1291. *Smith,* cited by Defendants, Doc. 370 at 4, is not a fees case and is distinguishable because it concerns interlocutory appealability of a preliminary injunction under Section 1292, not whether that order was a final judgment under Section 1291. *See, Smith & Nephew, Inc. v. Northwest Ortho Plus, Inc.,* No. 2:12-CV-2476, 2013 WL 557269 (W.D. Tenn. Feb. 12, 2013) (preliminary injunction is a "judgment" for the purposes of a Federal Rule 59(e)

4

motion to alter or amend judgment). Here, the question of fees motion timing relates to Section 1291. Further, the enforcement work for which Plaintiffs will seek fees is not a new preliminary injunction, but rather work to enforce a settlement order that already existed. The unreported opinion in *Blanchard v. City of Memphis*, No. 17-5868, 2018 U.S. App. LEXIS 5565 (6th Cir. Mar. 2, 2018), cited by Defendants, is also inapposite. Doc. 370 at 4. This too was not a fees case and the issue there, as Defendants acknowledge, was also a question under Section 1292, namely whether Plaintiffs had shown they would "face serious or irreparable consequence" without an immediate interlocutory appeal. The Court in *Blanchard* held that the order in question was not appealable. 2018 U.S. App. LEXIS 5565 at *3-4 (dismissing the appeal partly based on the fact that "Plaintiffs sought only permanent injunctive relief in their complaint, and they never moved for preliminary injunctive relief," and "waiting for a final judgment would not impede their efforts to obtain permanent injunctive relief").

It would also be illogical for the "final judgment" for fees purposes to be the date of a given enforcement order. Certainly, a Consent Decree that specifically provides for enforcement work after the date of the decree and allows such work until the decree ends could not be read to mean that any given enforcement order is the final judgment. Making the relief Plaintiffs gained through settlement a reality requires monitoring and enforcement work that might not be limited to one motion; that effort might require multiple efforts to enforce and even possible contempt motions. This is what the Consent Decree contemplated.

Defendants' argument that Plaintiffs have not shown excusable neglect does not apply here. Doc. 370 at 6-7. That rule and the case law interpreting it only applies where motions are untimely. Fed. R. Civ. P. 6(b)(1)(B) (the district court may, for good cause, extend the deadline "on motion[s] made after the time has expired if the party failed to act because of excusable neglect"). Here,

5

Plaintiffs have not missed the deadline for filling, so there is no request for a good-cause extension after the fact.

**The Court Should Disregard Defendants' Arguments on the Merits of Entitlement to Fees**

In their opposition, Defendants argue the merits of Plaintiffs' not-yet-filed motion for attorneys' fees. *See* Doc. 370 at 5 (are Plaintiffs prevailing parties), 6 (what is "enforcement work"). These arguments are premature and not relevant to this straightforward motion for an extension of time. Plaintiffs urge the Court to disregard those arguments.

**Conclusion**

Given the clarity of the rules and the law concerning timing, the language of the Consent Decree and the Court's own ruling, along with Defendants' failure to cite persuasive authority to the contrary, Plaintiffs request that the Court find that attorneys' fees motions are timely and grant the requested extension of time.

Dated: November 7, 2023

Respectfully submitted,

/s/  Nancy Rosenbloom

Andrea Woods
Nancy Rosenbloom
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
awoods@aclu.org
nrosenbloom@aclu.org

Brice M. Timmons (Bar No. 29582)
Donati Law Firm
1475 Union Avenue
Memphis, TN 38104
Telephone: (901) 762-0535
btimmons@donatilaw.com

Josh Spickler (Bar No. 021019)
Just City
P.O. Box 41852
Memphis, TN 38174
Telephone: (901) 206-2226
josh@justcity.org

Maria Morris
American Civil Liberties Union
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6607
mmorris@aclu.org

Zoe Brennan-Krohn
American Civil Liberties Union
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0769
zbrennan-krohn@aclu.org

Stella Yarbrough (Bar No. 33637)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Telephone: (615) 320-7142
syarbrough@aclu-tn.org

Joseph Bial
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Fascimile: (202) 223-7420
jbial@paulweiss.com

Ariane Rockoff-Kirk
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fascimile: (212) 757-3990
arockoff-kirk@paulweiss.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I, Nancy Rosenbloom, certify that on November 7, 2023, I caused a true and correct copy of the foregoing document to be filed electronically via the ECF system.

      Respectfully submitted,

      /s/ Nancy Rosenbloom

      Nancy Rosenbloom