UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Favian Busby, Russell Leaks, and Joseph Nelson *on their own behalf and on behalf of those similarly situated*,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>Floyd Bonner, Jr., *in his official capacity*, Shelby County Sheriff, and the Shelby County Sheriff's Office,<br><br>Respondents-Defendants. | Civil Action No. 2:20-cv-2359-SHL-atc |

**PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES**

Pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 54.1 of the United States District Court for the Western District of Tennessee, and Paragraph 23 of the Consent Decree in this action. Plaintiffs hereby seek an award of attorneys' fees from Defendants for time and expenses incurred in this case while enforcing the COVID-19 protections Plaintiffs gained through the Decree. As grounds for this motion, Plaintiffs state as follows:

1. The parties agreed, as part of the Consent Decree, on a resolution of attorneys' fees and costs up to the date the Consent Decree was approved by the Court. They also agreed in the Decree that Plaintiffs may seek fees for successful enforcement work after that date. (ECF Nos. 161-2 ¶¶ 23, 30, 209, 210.)

2. Plaintiffs and the Plaintiff Class they represent are the prevailing parties via the significant relief secured in the Consent Decree itself, as well as this Court's ruling granting in part their Motion to Enforce, and the rulings by this Court and the Court of Appeals denying Defendants' Motion to Terminate the Decree. ECF Nos. 258, 316, 337.)

1

3. As the prevailing parties in this litigation, Plaintiffs are entitled to fees and expenses under 42 U.S.C. § 1988(b), 42 U.S.C. § 1997e(d), 42 U.S.C. § 12205, and 29 U.S.C. § 794a(b), and Paragraph 23 of the Consent Decree approved by the Court in this action.

4. The amount sought by Plaintiffs is set forth in the appended fees and expenses schedules. (*See* Declaration of David Fathi, Ex. B; Declaration of Ariane Rockoff-Kirk, Ex. A). The total request is for $769,337.80 in fees.

5. The experience, qualifications and hourly rate claimed for each timekeeper is as follows:

### ACLU personnel

| Lawyer or Paralegal | Year of Graduation (if lawyer) | Rate ($/hr)d |
|---|---|---|
| Andrea Woods | 2014 | 563.00 |
| Maria Morris | 2001 | 699.00 |
| David Fathi | 1988 | 758.00 |
| Aditi Shah | 2020 | 473.00 |
| Samantha Weaver | Paralegal | 207.00 |
| Jessica Carns | Paralegal | 207.00 |
| Jennifer Wedekind | 2011 | 601.00 |
| Nancy Rosenbloom | 1987 | 760.00 |

### Paul, Weiss personnel

| Lawyer or Paralegal | Year of Graduation | Rate ($/hr) |
|---|---|---|
| Joseph Bial | 2001 | 699.00 |
| Darren Johnson | 2001 | 699.00 |
| Meredith Borner | 2012 | 589.00 |
| Makiko Hiromi | 2012 | 589.00 |
| David Kimball-Stanley | 2018 | 505.00 |
| Eric Abrams | 2019 | 490.00 |
| Colleen Anderson | 2021 | 457.00 |
| James Mandilk | 2017 | 521.00 |
| Ariane Rockoff-Kirk | 2016 | 535.00 |

2

6. The detailed fees schedules appended to the Fathi and Rockoff-Kirk declarations set forth the number of hours reasonably expended by each timekeeper on enforcement work, and describes the tasks completed during such hours.

7. Plaintiffs seek no compensation for more than $55,000 of work performed by co-counsel the ACLU of Tennessee, nor for the substantial work of attorneys at co-counsel Donati Firm and Just City. *See,* Declaration of Stella Yarbrough and accompanying exhibits.

8. Memphis civil rights attorney Robert Spence, Jr. has reviewed Plaintiffs' request and submits his declaration supporting the requested rates and hours and describing his experience, familiarity with the market, and unavailability of local counsel to litigate this complex and novel class action, especially at the start of the COVID-19 pandemic. (LR 54.1(b)(2).)

9. The rates charged and the total hours for which fees are sough represent a substantial reduction from what Plaintiffs could have sought. As explained in the filings accompanying this motion, these rates are below the prevailing market rates for New York and Washington, D.C. (the relevant markets for reasons explained in the supporting documents), and are extremely reasonable because they use as a guide the Fitzpatrick Matrix [insert more description] instead of actual market rates. The total hours are reduced overall by efficient staffing of the work and by not seeking compensation for the substantial total hours of enforcement work done by several of Plaintiffs' co-counsel.

10. Pursuant to the verification below, counsel verifies that the appended time and expenses schedules are the accurate record of all hours and expenses reasonably incurred and

contemporaneously entered and kept by all listed timekeepers for the successful enforcement work.

11. The accompanying Memorandum of Law describes the legal justification for an award of fees at market rates rather than the capped rate under the Prison Litigation Reform Act. In sum, such rates are fitting because there are uncapped Americans with Disabilities Act claims and those are so intertwined with claims for which rates would be capped, for this medically-vulnerable class, that a market rate – or at the very least a blended rate – is appropriate.

12. Counsel for the Plaintiffs certify that they have made good faith efforts to resolve the issues by agreement pursuant to Local Rule 7.2(a)(1)(B), as set forth in the accompanying certificate of consultation. The parties were unable to reach accord.

13. Plaintiffs have filed with this motion a memorandum of law and supporting declarations and exhibits.

Dated: January 24, 2024

Respectfully submitted,

*/s/ Nancy Rosenbloom*

Nancy Rosenbloom
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
nrosenbloom@aclu.org

Brice M. Timmons (Bar No. 29582)
Donati Law Firm
1475 Union Avenue
Memphis, TN 38104
Telephone: (901) 762-0535

Facsimile (901) 762-0527
btimmons@donatilaw.com

Josh Spickler (Bar No. 021019)
Wesley Dozier (Bar No. 037735)
Just City
P.O. Box 41852
Memphis, TN 38174
Telephone: (901) 206-2226
josh@justcity.org

4

Maria Morris
American Civil Liberties Union
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6607
mmorris@aclu.org

Zoe Brennan-Krohn
American Civil Liberties Union
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0769
zbrennan-krohn@aclu.org

Stella Yarbrough (Bar No. 33637)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Telephone: (615) 320-7142
syarbrough@aclu-tn.org

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Joseph Bial
2001 K Street NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Fascimile: (202) 223-7420
jbial@paulweiss.com

Ariane Rockoff-Kirk
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fascimile: (212) 757-3990
arockoff-kirk@paulweiss.com

*Attorneys for Plaintiffs and Plaintiff Class*

## CERTIFICATE OF CONSULTATION

Plaintiffs certify that they consulted with Defendants but, after consultation, the parties have been unable to reach an accord on the issue of attorneys' fees for enforcement. Plaintiffs' counsel wrote to Defendants by email on October 13, 2023, attaching Plaintiffs' detailed fees and expenses schedules along with a summary of reasons why Plaintiffs are entitled to fees and the amounts sought. Discussions ensued by email, including Defendants' counsel asking questions, Plaintiffs' counsel responding, and counsel for all parties discussing the issue by telephone on October 24, 2023. On October 26, 2023, Plaintiffs wrote to Defendants asking if they opposed or did not oppose a 45-day extension of time from the date of this Court's supplemental Judgment for the filing of Plaintiffs' fee application with the Court in order to allow Defendants additional time to consider Plaintiffs' proposal and for the parties to confer in hopes of reaching a resolution. Defendants' counsel stated on October 27, 2023 that they opposed the motion for an extension of time, and Plaintiffs then sought an extension and the Court issued its Order staying the deadline to file fees motions. (ECF No. 369.) Defendants filed their own attorneys' fees motion, ending negotiations.

Respectfully Submitted,

*/s/* Nancy Rosenbloom
Nancy Rosenbloom

## CERTIFICATE OF SERVICE

I, Nancy Rosenbloom, certify that on January 24, 2024, I caused a true and correct copy of the foregoing document to be filed electronically via the ECF system.

Respectfully submitted,

/s/ Nancy Rosenbloom
Nancy Rosenbloom