UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

Favian Busby, Michael Edgington, Russell Leaks, and Joseph Nelson, *on their own behalf and on behalf of those similarly situated*;

Petitioners-Plaintiffs,

v.

Floyd Bonner, Jr., *in his official capacity*, Shelby County Sheriff, and the Shelby County Sheriff's Office,

Respondents-Defendants.

Case No. 20-cv-2359-SHL-atc

### DECLARATION OF ARIANE ROCKOFF-KIRK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES FOR ENFORCEMENT WORK

I, Ariane Rockoff-Kirk, declare as follows under penalty of perjury:

1. I am a member of the Bar of the State of New York, admitted *pro hac vice* to practice before this Court. I am an associate at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss," "Paul, Weiss," or the "Firm"). I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees for Enforcement Work (the "Motion") filed concurrently with this Declaration. I have personal knowledge of the facts set forth herein, and, if called to testify, could and would testify competently thereto.

2. I am counsel for Plaintiffs[1] in the above-captioned action (the "Action"), working in conjunction with other lawyers at Paul, Weiss, the American Civil Liberties Union Foundation (the "ACLU"), the ACLU Foundation of Tennessee, Just City, and Donati Law. I understand that

---

[1] Plaintiffs are the individually named persons and the Settlement Class for whom they serve as representatives.

David Fathi of the ACLU is submitting a separate declaration detailing the fees that the ACLU is seeking in connection with this Action.

3. Since 2020 until the present, lawyers from Paul, Weiss have represented Plaintiffs on a *pro bono* basis in this Action. Paul, Weiss agreed to take on this case understanding that other co-counsel did not have the resources to bring the lawsuit on their own. Joseph J. Bial is the Paul, Weiss partner responsible for overseeing the legal services performed by those lawyers in connection with this Action. Paul, Weiss is representing Plaintiffs on a *pro bono* basis and has not billed Plaintiffs for any legal services. Paul, Weiss similarly has not charged Plaintiffs for out-of-pocket costs incurred by the Firm in litigating the Action.

4. Plaintiffs seek through the Motion an award of fees, including those of Paul, Weiss, for the results achieved in this litigation and the monitoring and enforcement of the Settlement Agreement approved by this Court. (ECF No. 161-2, 209.) Specifically, Paul, Weiss seeks $446,483.10 in fees. Although the Motion seeks recovery of fees for certain of the work that Paul, Weiss has performed in connection with the Action, the Firm has committed to donate any of the fees it recovers in this Action to non-profit legal services organizations, including co-counsel ACLU.[2]

## I. SUMMARY OF WORK

5. During the claimed time period, Paul, Weiss attorneys expended significant effort to ensure Defendants' compliance with the Consent Decree. These efforts included preparing the Plaintiffs' motion to enforce and modify the decree and opposing the Defendants' motion to terminate the decree, including opposing the Defendants' subsequent appeal through briefing and

---

[2] Paul, Weiss reserves the right to retain a tax offset (including any taxes on any portion of the fees retained to defray costs) for any portion of a fee award to Paul, Weiss that the Firm thereafter donates to non-profit organizations.

-2-

oral argument in the Sixth Circuit of Appeals. Paul, Weiss attorneys also worked on drafting discovery materials and preparing for depositions, corresponding and conferring with opposing counsel, preparing for status conferences, and reviewing and commenting on inspection reports by the Independent Inspector appointed by the court to visit the jail and keep Defendants accountable.

## II.     PAUL, WEISS, RIFKIND, WHARTON & GARRISON QUALIFICATIONS

6.      Attorneys at Paul, Weiss have represented Plaintiffs since April 2020, when the Firm first learned from the ACLU that there were no local resources to litigate this Action. I joined the team in November 2021 and have been involved continuously from that time through the present, except for a brief leave of absence.

### A. My Professional Background

7.      I am an associate of Paul, Weiss with more than seven years of legal experience. I received my B.A. degree from Haverford College in 2011 and graduated from Benjamin N. Cardozo School of Law with a J.D. in 2016. I was admitted to the Bar of the State of New York in May 2017. I have litigated cases in various federal and state courts around the United States, at the trial and appellate levels, and am admitted to practice before the United States District Court for the Southern and District of New York. I joined the offices of Paul, Weiss as an associate in September 2016.

8.      My practice includes congressional investigations, internal investigations, and trials and arbitrations in matters spanning diverse industries, including technology and software, pharmaceuticals and financial services. I maintain a significant pro bono criminal appeals practice, and have represented clients in cases involving actual innocence, capital criminal defense, and juvenile sentencing reform.

9. During the claimed time period from April 13, 2021 to March 30, 2022, I have recorded 70.10 hours for which the Motion seeks attorneys' fees. I am seeking an adjusted market rate of $535 consistent with the Fitzpatrick matrix,[3] which, multiplied by the number of hours for which I seek recovery, amounts to $37,503.50 in imputed fees. As in all of my cases, I have endeavored to dedicate my efforts to the demands of the Action and have strived to be available for this matter, regardless of other demands associated with a considerable caseload of other, non-*pro bono*, client matters.

B. **Qualifications, Hours, Rates, and Fees of Other Paul, Weiss Attorneys Involved in the Action**

10. At least seven other Paul, Weiss attorneys covered by the Motion worked on the Action, in addition to the other matters in their active caseloads. The attorneys described below, for whom the Motion seeks recovery of attorneys' fees during the claimed time period, all have complex commercial litigation experience including in class actions, pro bono experience including in jail litigation, and serve a diverse range of clients. They also each bring their individual backgrounds and expertise to the matter. I provide below a brief summary of each of their qualifications, hours, rates, and the total fees sought for Paul, Weiss's work on the Action.

11. ***Joseph J. Bial*** is a partner at Paul, Weiss in the Washington DC office. Mr. Bial is a graduate of the Miami University (B.A., 1991), University of Arizona (Ph.D., 1998), and University of Chicago Law School (J.D., 2001) and was admitted to the Bar of the State of New York in June 2003 and the Bar of the District of Columbia in September 2005. Mr. Bial clerked for the Honorable Robert L. Eastaugh of the Alaska Supreme Court from 2001 to 2002 and clerked

---

[3] Plaintiffs seek rates under year 2022 in the Fitzpatrick Matrix. The Fitzpatrick Matrix, U.S. Attorney's Office for the District of Columbia, Civil Division, https://www.justice.gov/usao-dc/page/file/1504361/download (last accessed on November 22, 2023). *See also* Fathi Decl. ¶¶ 18–20.

-4-

for the Honorable Douglas H. Ginsburg of the U.S. Court of Appeals in the District of Columbia from 2003 to 2004. Mr. Bial is an accomplished litigator who regularly represents clients in high-profile antitrust and commercial litigation in federal district and appellate courts, as well as before state and federal regulatory agencies. Mr. Bial joined Paul Weiss in August 2016 as a partner and have worked on this Action in a supervisory capacity. From April 13, 2021 to March 30, 2022, he dedicated a total of 78.1 hours to this case for which the Motion seeks attorneys' fees. Plaintiffs seek fees at the rate of $699 for Mr. Bial, for a total of $54,591.90 in fees.

12. ***Darren Johnson*** is a graduate of the New York University (B.F.A., 1990) and Columbia Law School (J.D., 2001). Mr. Johnson was admitted to the Bar of the State of New York in July 2002 and was an associate in the Firm's Litigation Group from 2001 to 2009 and counsel from 2010 to the present. From April 13, 2021 to March 30, 2022, Mr. Johnson dedicated a total of 33.70 hours to this case for which the Motion seeks attorneys' fees. Plaintiffs seek fees at the rate of $699 for Mr. Johnson, for a total of $23,556.30 in fees.

13. ***Meredith Borner*** is a graduate of Bowdoin College (B.A., 2009) and the New York University (J.D., 2012). Ms. Borner was admitted to the Bar of the State of New York in November 2013. After clerking for the Honorable Berle M. Schiller of the United States District Court for the Eastern District of Pennsylvania from 2012 to 2013, Ms. Borner joined the firm as a an associate in the Litigation Group from 2013 to 2021. Ms. Borner is currently a Trial Attorney at the U.S. Commodity Futures Trading Commission. Ms. Borner dedicated a total of 131.50 hours to this case for which the Motion seeks to recover fees. Plaintiffs seek fees at the rate of $589 for Ms. Borner, for a total of $81,282.00 in fees.

14. ***Makiko Hiromi*** is a graduate of Duke University (B.A., 2008) and Columbia Law School (J.D., 2012). Ms. Hiromi was admitted to the Bar of the State of New York in September

2015. Ms. Hiromi was an associate in the Firm's Litigation Group from 2013 to 2022 and is currently Corporate Counsel at the Sumitomo Corporation of Americas. From April 13, 2021 to March 30, 2022, Ms. Hiromi dedicated a total of 21.40 hours to this case for which the Motion seeks to recover fees. Plaintiffs seek fees at the rate of $589 for Ms. Hiromi, for a total of $12,604.6 in fees.

15. ***Dav Kimball-Stamley*** is a graduate of Trinity College (B.A., 2009) and Harvard Law School (J.D., 2018). Mr. Kimball-Stamley was admitted to the Bar of the State of New York in May 2019. Mr. Kimball-Stamley clerked for the Honorable Rowan D. Wilson of the New York Court of Appeals from 2018 to 2019 and was an associate in the Firm's Litigation Group from 2019 to 2021. He is currently an associate at Clarick Gueron Reisbaum LLP. Mr. Kimball-Stamley dedicated a total of 145.10 hours for which the Motion seeks to recover fees. Plaintiffs seek fees at the rate of $505 for Mr. Kimball-Stamley, for a total of $73,275.50 in fees.

16. ***Eric Abrams*** is a graduate of Marianopolis College (D.E.C, 2016) and McGill University Faculty of Law (B.C.L./L.L.B., 2019). Mr. Abrams was admitted to the Bar of the State of New York in September 2021. Mr. Abrams was an associate in the Firm's Litigation Group from 2020 and 2022. He is currently an associate at Emery Celli Brinckerhoff Abady Ward & Maazel LLP. From April 13, 2021 to March 30, 2022, Mr. Abrams dedicated a total of 194.10 hours to this case for which the Motion seeks to recover fees. Plaintiffs seek fees at the rate of $490 for Mr. Abrams, for a total of $95,109.00 in fees.

17. ***Colleen Anderson*** is a graduate of University of Toledo (B.A., 2018) and University of Michigan Law School (J.D., 2021). Ms. Anderson was admitted to the Bar of the District of Columbia in November 2021. Ms. Anderson was an associate in the Firm's Litigation Group from 2021 to 2022 and is currently a Law Clerk at Patterson Belknap Webb & Tyler LLP.

From April 13, 2021 to March 30, 2022, Ms. Anderson dedicated a total of 158.40 hours to this case for which the Motion seeks to recover fees. Plaintiffs seek fees at the rate of $457 for Ms. Anderson, for a total of $72,388.80 in fees.

18. Likewise, various other Firm personnel recorded time to the Action, but the Motion does not seek to recover fees for their time. These individuals include other attorneys, paralegals, summer associates, research librarians, and other support staff. Paul, Weiss is seeking fees only for a core set of attorneys who recorded a minimum of twenty hours to this matter during the claimed time period. Paul, Weiss has therefore omitted hundreds of hours from this fee motion.

### III.  FEES SOUGHT

19. Hours billed and hourly rates comprise a significant component in determining fees billed by Paul, Weiss. All personnel are required to bill to the nearest one tenth of an hour and provide detailed descriptions of the work performed. The fees requested in the Motion were calculated by multiplying the number of hours worked by the respective Paul, Weiss lawyer by a reasonable hourly rate under the Fitzpatrick matrix pursuant to a classic "lodestar" analysis, as described in more detail below.

20. The fees requested in the Motion are significantly lower than the rates paid by Paul, Weiss's corporate and individual clients. We respectfully submit that the rates requested in the Motion are appropriate for this Action, taking account of the specific circumstances of the Action as detailed in the Motion.

21. During the claimed time period, the Paul, Weiss team of attorneys and legal assistants have dedicated a total of 832.40 hours for which the Motion seeks attorneys' fees for litigating this Action and monitoring Defendant's compliance with the Settlement Agreement from

April 13, 2021 to March 30, 2022. In total, the Motion seeks fees amounting to $446,483.10 for the time of Paul, Weiss personnel.

22. Exhibit A is a detailed and itemized spreadsheet identifying the time for which Paul, Weiss is seeking fees. The time entries in Exhibit A are based on records maintained by Paul, Weiss from April 13, 2021 to March 30, 2022. In accordance with the Firm's standard practices, those time entries are generated from data input based upon each attorney's timesheet maintained contemporaneously by the respective attorney in the ordinary course of their work. The data extracted for Exhibit A includes the date, timekeeper, hours billed, and description of work performed. In connection with the preparation of the Motion, we have modified the entries in certain ways.

    a. First, in exercising billing judgment, we have reduced hours, or deleted entries altogether, for any tasks deemed arguably redundant, unnecessary, inefficient, inadequately documented, or otherwise unreasonable for an attorney to bill a client or opposing counsel. This includes work billed by a lawyer that could have been accomplished by a non-lawyer, including clerical work, which was "no charged" and eliminated from the entries. We have also deleted entries where multiple attorneys billed time to attending weekly team meetings to strategize on Plaintiffs' ongoing enforcement work. Even though these meetings were necessary to coordinate efforts and move the litigation forward, in the exercise of judgment, Paul, Weiss is seeking fees for the time spent by only one attorney at these meetings. All remaining billed hours were necessary to Plaintiffs' enforcement work during the claimed time period.

  b. Second, we have edited certain of the narrative descriptions in the time entries to protect legal privileges.

  c. Third, we have modified certain narrative descriptions to explain more clearly the nature of the task performed.

  d. Fourth, to avoid confusion, we have deleted time entries or portions of entries for which fees are not sought in the Motion. These modifications had the effect of reducing the fees sought in connection with this Motion; no modification had the effect of increasing the number of hours or fees sought.

  e. Fifth, we corrected entry errors, such as misplaced decimal points and duplicate time entries.

I have reviewed these time entries and believe that they are sufficient to identify the tasks performed and the amount of time for which the Motion seeks an award of fees.

23. Paul, Weiss does not have different rates for different locations in the United States, and the Firm's work is judged among a national market of lawyers familiar with highly complex litigation. Paul, Weiss's rates are also comparable to those of its peer firms. Attached to this Declaration as Exhibit B is the Declaration of Sharre Lotfollahi in Support of Plaintiffs' Motion for Attorneys' Fees submitted in *Comet Technologies USA Inc.* v. *XP Power LLC*, No. 5:20-cv-6408 (N.D. Cal. Nov. 4, 2022). The declaration sought fees for litigation work performed by Paul, Weiss's peer firm Kirkland & Ellis in 2022. It described the billing rate structures for partners and associates from a recent matter in the Northern District of California, in which several litigation partners and associates represented various technological companies from 2021 to 2022.

24. Set forth below is a chart showing the rates requested for the Paul, Weiss lawyers in this Action alongside the customary rates charged by Paul, Weiss and the comparable rates

requested in *Comet*. Both the customary rates charged by Paul, Weiss and the rates requested in *Comet* are substantially higher than the hourly rates sought in this motion based on the 2022 Fitzpatrick rates.

| Attorney | Year of Graduation | Admitted to NY Bar (unless specified) | Hourly Rate Sought in this Motion | Customary Rates during Claimed Time Period | Comparable *Comet Technologies* Hourly Rate, including for work done in 2022 |
|---|---|---|---|---|---|
| Joseph Bial | 2001 | 2003 (NY), 2005 (DC) | $699 | $1670, $1835 | $1,565–1,765 [De Vries, Partner, J.D., 2000] |
| Darren Johnson | 2001 | 2002 | $699 | $1400, $1525 | $1,565–1,765 [De Vries, Partner, J.D., 2000] |
| Meredith Borner | 2012 | 2013 | $589 | $1185, $1280 | $ 1,080–1,135 [Park, Partner/Associate, J.D., 2014] |
| Makiko Hiromi | 2012 | 2015 | $589 | $1120, $1255 | $ 1,080–1,135 [Park, Partner/Associate, J.D., 2014] |
| Dav Kimball-Stamley | 2018 | 2019 | $505 | $965, $1135 | $ 835–985 [Jang, Associate, J.D., 2014] |
| Eric Abrams | 2019 | 2021 | $490 | $700, $870 | $ 900 [Mina, Associate, J.D., 2019] |
| Colleen Anderson | 2021 | 2021 (DC) | $457 | $700, $735 | $ 650 [Suh, Associate, J.D., 2019] |
| Ariane Rockoff-Kirk | 2016 | 2017 | $535 | $1090, $1210 | $ 925–1,110, [Calhoun, Associate, J.D., 2016] |

25. Therefore, the rates sought in this motion, which are well below both Paul, Weiss' customary rates and the comparable rates of a peer firm, are more than reasonable given the substantial work and expertise required by Paul, Weiss attorneys to enforce the Consent Decree.

## IV. CONCLUSION

26. Over the course of the three and a half years, my colleagues and I actively litigated this Action alongside the ACLU, the ACLU Foundation of Tennessee, Just City, and Donati Law.

Plaintiffs ultimately prevailed by obtaining and enforcing the Consent Decree, which required Defendant to implement life-saving measures related to COVID-19 detection and treatment for an extremely vulnerable population. We respectfully submit that the fees sought in this Motion for a limited time period are reasonable under the circumstances, given the significant work required to litigate this Action and continuously monitor and enforce Defendant's compliance with the Consent Decree, and the fact that Paul, Weiss personnel could not devote the substantial amount of time spent on this Action to other matters or potential new cases. The rates sought are substantially less than the commercial rates Paul, Weiss's clients pay for our Firm's services, and we have endeavored to be judicious in the number of timekeepers, number of hours, and out-of-pocket expenses, included in the Motion.

27.     Therefore, Paul Weiss asks the Court to award them the full lodestar amount in this case, $446,483.10 in fees and interest from the date of judgment.

I declare, under penalty of perjury, that the above is true and correct to the best of my knowledge.

Dated: January 23, 2024
New York, New York

_____
Ariane Rockoff-Kirk

Counsel for Plaintiffs