IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Favian Busby, Michael Edgington, Russell Leaks, and Joseph Nelson, *on their own behalf and on behalf of those similarly situated*;<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>Floyd Bonner, Jr., *in his official capacity*, Shelby County Sheriff, and the Shelby County Sheriff's Office,<br><br>Respondents-Defendants. | Case No. 20-cv-2359-SHL-atc |

**DECLARATION OF ROBERT L. J. SPENCE, JR. IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR ATTORNEYS' FEES</u>**

Pursuant to 28 U.S.C. 1746, I hereby declare as follows:

1. My name is Robert L.J. Spence, Jr., and I am an adult resident of Shelby County, Tennessee and competent to testify and opine as to the matters contained herein.

2. I submit this Declaration in connection with Plaintiffs' request for an award of attorneys' fees in the above styled action.

3. The purpose of this Declaration is to: (a) describe my experience in civil rights and complex federal litigation; (b) provide my qualifications to provide an opinion on the attorneys' fee application at bar; (c) provide my opinion as to the prevailing market rates in the Western District of Tennessee for the work performed by the American Civil Liberties Union Foundation ("ACLU") and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), the attorneys for whom compensation is sought; and, (d) attest to my familiarity with the overall legal work as described in the ACLU and Paul Weiss's respective fee records, and opine as to whether the total

number of hours sought for their enforcement work on this case is reasonable in my professional opinion.

### Counsel's Qualifications and Experience to Render an Opinion

4. I am duly licensed and practicing attorney in the State of Tennessee. I have practiced law in Shelby County and in other jurisdictions for thirty-eight (38) years. I am the founding member of the Memphis, Tennessee law firm, Spence Law Firm, PLLC (hereinafter the "Firm").

5. In 1979, I received my Bachelor of Science degree from the University of Tennessee at Chattanooga, in 1982 my Pharmacy Degree from the University of Tennessee Center for Health Sciences and in 1986 my law degree from Memphis State University, where I served on the Law Review Staff and was the Associate Articles Editor of the Law Review.

6. During my practice I have been a member of the Memphis Bar Association, the National Bar Association, the Tennessee Bar Association, the American Bar Association, and the Association of Trial Lawyers of America. I am admitted to practice law before the United States Supreme Court, the United States Sixth Circuit Court of Appeals, the United States Fifth Circuit Court of Appeals and in numerous federal district courts throughout Tennessee, Mississippi, Arkansas and Florida. In 2012, I was named one of The New Tri-State Defender's Men of Excellence and I have also been recognized as a "super lawyer."

7. I started my law career at The Hardison Law Firm in Memphis, Tennessee from 1986 to 2003 where I primarily defended medical malpractice and other insurance defense lawsuits. I became a partner at The Hardison Law Firm in 1991 and was Managing Partner in 1997. My career in the civil rights arena began in approximately 1991, when I successfully litigated an excessive force case against a Memphis police officer on behalf of a client in the United

States District Court for the Western District of Tennessee. After this initial civil rights litigation trial experience, I then became a sought-after lawyer by both plaintiffs and defendants, including corporate clients that had exposure to civil rights liability based on the actions or inactions of employees.

8. Over the course of my career, I have participated in between seventy-five (75) to one hundred (100) civil rights cases on behalf of both plaintiffs and defendants.

9. In addition to being a full-time partner at The Hardison Law firm, beginning in 1997 I also had the privilege of serving as the City Attorney for the City of Memphis for six (6) years and ended my tenure with the City in 2004. In this capacity, I hired and retained multiple law firms located in Memphis and Shelby County (e.g., Glankler Brown; Baker, Donelson, Bearman, Caldwell & Berkowitz; Burch Porter and Johnson; Less & Getz; Ford and Harrison, etc.) to represent the City of Memphis in various matters, and as a result of this experience and my over thirty-eight (38) years of working in the Memphis legal community, I am very familiar with the prevailing hourly rates charged by law firms in this community for comparable legal services.

10. Over the course of my legal practice, I have been asked to present numerous seminars to lawyers and corporations on numerous topics including civil rights liability and litigation. My most recent seminars on this topic include a presentation on civil rights liability in the corporate context in San Diego, California at the Dillard's Corporate Defense Counsel Seminar, and a presentation on municipal liability under 42 U.S.C. § 1983 at the University of Memphis School of Law.

11. At the Spence Law Firm, I frequently engage in complex trial litigation, devoting significant time to civil rights litigation, business litigation matters, and personal injury. In this

3

capacity, I set the hourly rates for all lawyers under my direction based on my experience, knowledge and with reference to the prevailing rates in this community.

12. I am familiar with the hourly rates of attorneys in this locale and specifically the rates charged in complex § 1983 litigation. The hourly rates for this type of work for experienced lawyers range from $390 to $750 per hour depending on the complexity of the matter and the skill and experience of the attorney involved. Lawyers with less experience routinely charge hourly rates between $290 to $375 per hour depending on length of practice and experience in this legal specialty.

13. My firm and I have sought and been awarded fees and have been involved in fee litigation in numerous 42 U.S.C. § 1983 cases pursuant to 42 U.S.C. § 1988. I am familiar with the governing principles applicable to awards of attorney's fees in federal courts.

14. I have successfully litigated a 42 U.S.C. § 1983 cases on behalf of a class and I am aware of the responsibilities of class counsel. I was lead counsel before the United States District Court for the Western District in *Lakendus Cole and Leon Edmond, individually and as representatives of all others similarly situated, v. City of Memphis*, No.2:13-cv-02117. In this case the Court granted both declaratory and injunctive relief in favor of plaintiff Lakendus Cole and the class and subsequently award my firm attorneys' fees and enhanced the award based on our outstanding work and the benefits we achieved for the entire class. Enhanced attorneys' fee awards are reserved for rare and exceptional cases.

15. I am familiar with the few members of the bar in Memphis, Shelby County Tennessee who are capable and willing to take on class action 42 U.S.C. § 1983 cases and the even fewer who are willing to file and litigate prisoners' rights cases.

**The Reputation, Experience and Qualifications of Plaintiffs' Counsel**

16.     The ACLU is a highly respected national civil rights organization, and the National Prison Project of the ACLU ("NPP") is the only organization I know of that represents prisoners nationally in federal class action civil rights lawsuits challenging unconstitutional conditions of confinement. The NPP and the ACLU have a reputation for excellent advocacy in this field.

17.     Paul Weiss is a highly respected international law firm, with particular expertise in class action litigation.  In addition, they are known to have an extensive pro bono program, including in civil rights litigation.

**The Prevailing Market Rate and Number of Hours Sought**

18.     For purposes of this opinion, I relied on the underlying time records attached by Plaintiffs' counsel to Plaintiffs' motion for fees, and reviewed the declarations filed with the Motion.

19.     In reviewing the fee application filed by the ACLU, I focused on two issues: reasonableness of the hourly rates and reasonableness of the number of hours for which compensation is sought.

20.     In my opinion, the hourly rates sought are reasonable based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation, and the crucial fact that – especially during the start of the COVID-19 pandemic in 2020 – there would have been a dearth of lawyers in the Western District of Tennessee with the requisite experience and the available time to commit to a class action of this scope and emergency nature.  As noted, I am familiar with the regular rates charged by lawyers in the Western District of Tennessee, and I also have some familiarity with rates charged by out-of-state lawyers litigating civil rights cases in this district who have been brought

5

in due to the lack of comparably-qualified lawyers in this market. In reaching my opinion, I considered the local market rates and also the principle that it is proper to consider a different legal market if it appears unlikely that there would be any attorneys in the local market who would be willing to take the case and who would possess sufficient expertise in the area of law involved.

21. There are very few attorneys in Memphis, Shelby County, Tennessee that were capable of stepping into this case as co-counsel along with the ACLU of Florida, Just City and Mr. Timmons (now of Donati Law). Under the circumstances at the beginning of COVID and the urgency of the danger to detained people at the Shelby County Jail, it was unlikely attorneys in the local market could or would have litigated this case alone, and it is my opinion that the relevant market for Plaintiffs' counsel is Washington, D.C. and New York, where the relevant ACLU and Paul Weiss offices are located.

22. Among the reasons for the lack of available and qualified counsel to take on this case is its undesirability, one of the *Johnson* analysis factors. The case was "undesirable" for numerous reasons. First, it is a case that involves the rights of incarcerated people, and such cases are extremely difficult to attract private attorneys, particularly to the extent the low PLRA-capped rate applies. Second, this case was undesirable to those very few attorneys who regularly handle prisoner rights cases given its urgency, condensed timeframe for action, and complexity. Third, this case was initiated and litigated in the context of a life-changing, deadly pandemic during which lawyers were required to significantly alter the way they served existing clients, much less new clients in a congregate setting. Fourth, ultimate success in prisoner litigation is unlikely in even the most meritorious cases, because of the limitations imposed by the PLRA and the built-in disadvantage of pitting the credibility of detained persons against that of prison officials and staff.

Fifth, since the case would likely involve lengthy hearings and trial with multiple jailed witnesses, it is the kind of case that would be particularly unappealing to private counsel.

23. The ACLU and Paul Weiss have billed for highly qualified attorneys at rates substantially lower than their actual market rates. *See* Fathi Declaration, Rockoff-Kirk Declaration. It is my opinion that the hourly rates that would be charged to a fee-paying client in the Western District of Tennessee for the work performed by these attorneys would be comparable to the market rates Plaintiffs' counsel seek – especially in light of the of the significant time that was needed to properly represent people detained at the Jail.

24. My firm currently bills private clients and our rates for partners are between $400 and $600 per hour.

25. I understand that if the Court determines Plaintiffs' claims are not sufficiently intertwined to justify market rate for all claims, the Court might award fees for the ADA and Rehabilitation Act claims at a reasonable market rate, and for the remaining claims at rates capped by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). If the Court reaches this conclusion, Plaintiffs seek a blended fee award that applies the PLRA cap to part of their claims. In light of my opinion that the non-capped awards sought by Plaintiffs are reasonable, I also consider the lower alternative blended rate sought by Plaintiffs to be reasonable, should the Court determine that the claims are separable for fee purposes and applies the PLRA cap to certain of Plaintiffs' claims.

### **Plaintiffs' Counsel Exercised Proper Billing Judgment**

26. I understand that the total fee amount sought by Plaintiffs reflects counsel's billing judgment to exclude hours that arguably were redundant, excessive, or otherwise unnecessary. Additionally, Plaintiffs' counsel have elected or agreed to cut many hours for which they could

7

otherwise have sought fees. Plaintiffs' counsel are not seeking any fee award for more than 150 hours of attorney time spent by co-counsel ACLU of Tennessee on enforcement work, nor for time spent by Just City and the Donati Firm, despite their crucial role in handling the case. Furthermore, Paul Weiss is seeking a fee award only for attorneys and paralegals (excluding other support staff) who devoted a minimum number of hours to the matter, resulting in more hours being excluded from the fee application. Along with reducing their overall market rates to match the Fitzpatrick Matrix rates, these steps are all examples of proper billing judgment.

## Conclusion

27. Based on my knowledge, experience and assessments as set forth herein, it is my opinion that Plaintiffs' counsel's fee petition reflects appropriate and reasonable rates and hours.

28. If called to testify, I would testify as to the facts and opinions set forth herein.

29. "I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of January, 2024.

/s/ Robert L. J. Spence, Jr.