IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FAVIAN BUSBY and MICHAEL EDDINGTON, on their own behalf and on behalf of those similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | No. 2:20-cv-2359-SHL-atc |
| FLOYD BONNER, JR., in his official capacity, and SHELBY COUNTY SHERIFF'S OFFICE, ) ) ) ) | |
| Defendants. ) | |

AFFIDAVIT OF ROBERT L. HUTTON

**STATE OF TENNESSEE**

**COUNTY OF SHELBY**

Comes now your affiant, Robert L. Hutton, and does declare under oath as follows:

1. My name is Robert Louis Hutton. I am an adult, resident citizen of Memphis, Shelby County, Tennessee.

2. I am a practicing attorney with the law firm of Glankler Brown, PLLC in Memphis, Tennessee. A true and accurate copy of my curriculum vitae is attached hereto as Exhibit A.

3. I have been licensed to practice law since 1992, and have continuously practiced law in Shelby County, Tennessee for over 31 years. As part of my practice, I have extensive

experience representing plaintiffs and/or prisoners in federal habeas corpus proceedings and federal civil rights proceedings. I also have substantial experience in jail condition litigation. Previously, I litigated on behalf of the detainees to improve the conditions in the Shelby County Jail to reduce violence and other unconstitutional conditions. *See Little v. Dowd*, 2:96-cv-02520-JPM (W.D. Tenn); *see also* 384 F.Supp.2d 1169 (W.D. Tenn. 2005); *Little v. Shelby County, Tennessee*, 2003 WL 23849734 (W.D. Tenn. 2003). I have also litigated other jail conditions cases in the Western District of Tennessee on behalf of detainees, including those in Hardin County, Tennessee (*Barrett v. Hardin County* 1:05 cv-011400-STA-egb (W.D. Tenn.)) and in Lauderdale County, Tennessee (*Davis v. Rickard*, 2:93-cv-02004-JPM (W.D. Tenn.), with both suits resulting in federal court orders to build new jail facilities. Additionally, I have substantial experience with regard to the monitoring and enforcement of federal court decrees in jail conditions cases here in the Western District of Tennessee. And I have litigated numerous cases on appeal before the United States Court of Appeals for the Sixth Circuit.

4. Based upon my education, knowledge and experience, I am qualified to provide an opinion as to the reasonableness of an attorneys' fee request relating to litigation of a jail conditions case, a federal habeas corpus proceeding, or a federal civil rights case. I am also familiar with the prevailing rates charged by attorneys in this local market for habeas litigation and federal civil rights litigation.

5. I have been asked by defense counsel to provide an opinion as to the reasonableness of a request by plaintiffs' attorneys for fees in the case of *Favian Busby and Michael Eddington v. Floyd Bonner, Jr.*, No. 2:20-cv-2359-SHL-atc (hereinafter "Federal Case").

2

6. The Federal Case was initially brought to address concerns of COVID 19 in the Shelby County jail, and to protect inmates who were susceptible to COVID. It was settled by a Settlement Agreement dated January 22, 2021 (DE 161-3) and a proposed Consent Decree (DE 161-2); which, after a hearing, were approved by the Court and incorporated into the final judgment on April 12, 2021 (DE 210). The attorney fee request involves post-judgment work claimed by plaintiffs' counsel.

7. The Federal Case was originally brought (with later amendments) asserting claims seeking federal habeas corpus relief (28 USC § 2241 *et seq*), and relief under the Americans with Disabilities Act (42 USC § 12101 *et seq*.), the Rehabilitation Act 29 USC § 701 *et seq)*, and 42 USC § 1983.

8. Both the Americans with Disabilities Act and 42 USC § 1983 have fee shifting statutes, allowing the prevailing party to receive an award of reasonable attorneys' fees. Under the Prisoners Litigation Reform Act, 42 USC § 1997e, the maximum hourly fee for work performed in most jail conditions cases brought under 42 USC § 1983 is 150% of the federal court appointed rate of $164 per hour (through 12/31/2023), resulting in a maximum PLRA rate of $246 per hour.

9. However, the Federal Case was settled by consent decree, with a specific provision agreed upon by the parties that no litigant would be considered a prevailing party, and no attorneys' fees would be awarded for work performed up until entry of the decree: *"No party shall be considered the "prevailing" or "successful" party within the meaning of any statute or law as a result of this Decree. Each party shall bear its own costs, attorney's fees, and expenses incurred up to the date of this Decree, except for as outlined*

*within the Release and Settlement Agreement agreed upon by the parties."* Consent Decree ¶ 30 (DE 161-2)).

10. Furthermore, the Release and Settlement Agreement executed by the parties specifically provides that there is no admission of wrongdoing or liability, that the plaintiffs' allegations are not admitted, and that the settlement is being executed in an effort to avoid continued expenses resulting from protracted litigation. Settlement Agreement ¶ 8 (DE 161-3). The Settlement Agreement further provides that each party shall bear its own costs, and that no fees, attorney fees, or expenses shall be requested or awarded to any party except as provided for in the Consent Decree. Consent Decree ¶ 15 (DE 161-3).

11. While no federal statute would authorize fees in this particular case, as there is no admission or judicial finding as to plaintiffs being a prevailing party, there are certain provisions in the Consent Decree that provide under certain limited circumstances for "reasonable" attorneys' fees for successful enforcement of its provisions. This decree in essence provided for a contractual right for attorneys' fees under Tennessee law. *See Dotson v. U.S. Dept. of Housing and Urban Development*, 731 F.2d 313, 318 (6th Cir. 1984) (discussing how consent decrees are part contractual in nature.). And the Sixth Circuit has already opined that Tennessee law governs interpretation of the Consent Decree in this case. *Busby v. Bonner*, 2022 WL 1766145 (6th Cir. 2022) at * 4. Thus, the analysis for reviewing the requested attorneys' fees should be a contract analysis under Tennessee law for a determination of a reasonable attorneys' fee.

12. Normally, under Tennessee law, in determining the reasonableness of an attorneys' fee, courts should consider the facts set forth in Rule 1.5 (a) (1-10) of the Model Rules of

4

Professional Conduct. *Wright ex rel Wright v. Wright*, 337 S.W. 3d 166, 185 (Tenn. 2011); *Rivera v. Westgate Resorts, Ltd*, 2018 WL 1989620 (Tenn. Ct. App. 2018) at *4.

13. Rule 1.5 of the Professional Rules of Conduct provides as follows:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

14. On January 24, 2024, plaintiffs filed their motion for attorney's fees seeking $769,337.80 in fees for attorney and paralegal time. (DE 373). The motion and attached exhibits seek fees for the time period from April 13, 2021 until March 30, 2022 (approximately one year), comprising a total of 1,318.80 hours of work by 14 attorneys and 2 paralegals.

15. A breakdown of the attorneys and paralegals, hours claimed and rates requested are as follows.

| Andrea Woods | 104.20 | $563 | $58,664.60 |
| David Fathi | 7.50 | $758 | $5,685 |
| Nancy Rosenblum | 216 | $760 | $164,160 |
| Maria Morris | 91.60 | $699 | $64,028.40 |

5

| | | | |
|---|---|---|---|
| Jennifer Wedekind | 13 | $601 | $7,813 |
| Aditi Shah | 42.50 | $473 | $20,102.50 |
| Samantha Weaver (P) | 7.10 | $207 | $1,469.70 |
| Jessica Cairns (P) | 4.50 | $207 | $931.50 |
| Joseph Bial | 78.10 | $699 | $54,591.90 |
| Darren Johnson | 33.70 | $699 | $23,556.30 |
| Meredith Borner | 131.50 | $589 | $77,453.50 |
| Makiko Hiromi | 21.40 | $589 | $12,604.60 |
| David Kimball | 145.10 | $505 | $73,275.50 |
| Eric Abrams | 194.10 | $490 | $95,109 |
| Colleen Anderson | 158.40 | $457 | $72,388.80 |
| Ariane Rockoff | 70.10 | $535 | $37,503.50 |
| **Total** | **1,318.80** | | **$769,337.80** |

16. The above hours and time are claimed by plaintiffs seemingly for all work between April 13 2021 and March 30, 2022. This includes time for work on their motion to enforce the Consent Decree. But it also includes hours for tasks unrelated to enforcement of the Consent Decree. Plaintiffs seek fees for successfully defending before the trial court and on appeal a defense motion to terminate the Consent Decree, when such work is not expressly stated as compensable under the enforcement provisions of the decree. Plaintiffs further seek fees for moving to modify the decree, moving for sanctions against the defendants related to unproduced emails, reviewing various inspection reports and other documents, and other charges unrelated to the enforcement of the Consent Decree. During the life of the Consent Decree, while the Court did order the defendants to produce certain documents and authorized plaintiffs to take a deposition, the plaintiffs did not obtain any of the relief that they requested in seeking to enforce the decree. The

ordered discovery was not requested as part of plaintiffs' motion to enforce the decree, but rather were ancillary to the litigation. Furthermore, plaintiffs' motion for sanctions, and the substantive relief requested by plaintiffs was expressly denied by the Court. (See Orders, DE 297, 309, 316, 333) The compensability of any of the time is further cast into doubt by questions as to whether plaintiffs complied with the prerequisite mediation provision in Paragraph 22 of the Consent Decree, assuming that such work would be compensable.

17. The description details that are submitted by plaintiffs' counsel of work performed are poor, sparsely consisting of only a few words per entry, and generally insufficient to allow for a third party to determine whether the hours attributed to the work are reasonable, and whether they are for compensable activity. For example, on May 6, 2021 Nancy Rosenblum billed .5 hours for "Plaintiff team meeting to debrief meet and confer." And as another example, Meredith Bonner billed 1.10 hours on September 1, 2021 because she "attended team meeting." It is impossible to tell under those entries whether time is attributable to defending the motion to terminate, or litigating the motion to enforce, or some other topic. Those are just two of numerous examples where the attorneys failed to adequately describe their work to discern what specific issue to which the work was attributed. There are several instances where plaintiffs are billing for numerous lawyers to attend meetings or proceedings. For example, plaintiffs are seeking to recover fees for five lawyers at oral argument before the Sixth Circuit. Also, there are numerous duplicative entries for the same date entered by the same lawyer.

18. In my professional opinion, both the fees and hours requested are grossly excessive and unreasonable, and that is assuming that the Court finds that any of the work performed by

plaintiffs is compensable under the provisions of the Consent Decree. Having 14 lawyers and 2 paralegals bill $769,337.80 for less than one year's work is unreasonable, especially given the limited (if any) relief obtained in this case

19. In forming this opinion, I have reviewed time records kept by plaintiffs' counsel (DE 373). I have also reviewed the Consent Decree, the Docket sheet, pleadings, orders, time records of the parties, Sixth Circuit Docket and opinion, and discussed with Mr. Tilly the nature, scope and difficulty of the litigation.

20. The Court must consider the factors set forth in Rule 1.5 of the Model Rules of Professional Conduct to determine if the requested fee is reasonable. The first factor is "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly." MRPC 1.5(a)(1). The Consent Decree is eight pages in length and is not that complicated or difficult to understand. The litigation was resolved within one year. Assuming that the Court finds that time defending the motion to terminate is compensable, this post judgment litigation is simply not complex. It is certainly of the nature that could easily be handled with a staff of at most four lawyers (two partners and two associates) and a paralegal. There is no need to have 14 lawyers involved to efficiently handle this litigation. And there was certainly no need to expend over 1300 hours during this 11-month period to litigate the enforcement provision. In my opinion the attorney work claimed in this litigation could easily have been accomplished in no more than 800-hours time, assuming that all the work performed is determined to be compensable under the Consent Decree.

21. The second factor the Court must consider is: "the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the

lawyer." MRPC 1.5(a)(2). There is no evidence that this factor is applicable. While plaintiffs have alleged that this factor is applicable, they have not explained to the Court how taking this particular case, with 1300 hours distributed over 14 lawyers, has meaningfully precluded them from taking on other cases during this time period.

22. The third factor the Court must consider is: "the fee customarily charged in the locality for similar legal services." MRPC 1.5(a)(3). This factor weighs heavily towards a reduction. I have been practicing in Shelby County for 31 years, and charge $400 per hour. Typically, when taking civil rights cases for incarcerated persons, I am aware that often I will be limited by the Prison Litigation Reform Act to 150% of the court-appointed rate, which is roughly now $250 per hour. In the Memphis market, the top end of rates for partners would be about $575 per hour; $395 for associates, and $275 for paralegals. By way of example, I practice at a larger firm in the Memphis market. The hourly rate for partners at Glankler Brown ranges from $325 per hour to $575 per hour, with an average hourly rate of $434.00. For associates, Glankler Brown charges a range of $290 per hour to $395 per hour, with an average of $329 per hour. And for paralegals, Glankler Brown charges a range of $250 per hour to $275 per hour with the average rate of $261 per hour. The rates for Glankler Brown attorneys will be on the high end for the Memphis market. And most of the higher rates are charged by attorneys specializing in corporate work or areas other than litigation, where they can obtain higher rates than in the civil rights litigation context.

23. It should also be noted that under Rule 54.1(b)(2) of the Local Rules for the Western District of Tennessee, lawyers seeking fees are required to submit an affidavit from another attorney who is not otherwise affiliated with the case "setting out the prevailing

9

rate charged in the community for similar services." L.R. 54.1(b)(2). Thus, the local rules track Tennessee law with respect to the appropriate standard for calculating fee rates focusing upon the rate in the local community.

24. There are several lawyers in the Memphis area (including myself) who litigate civil rights cases and jail conditions cases. In my view, a reasonable attorney rate for seasoned attorneys (partners) for this type of litigation in the Memphis market would be $375-$450 per hour (depending upon experience); a reasonable rate for associate attorneys with less than 10-year's experience would be $275-$350 per hour (depending upon experience) and a reasonable paralegal rate would be $250-$275 per hour.

25. In my view, based upon the experience of each attorney and paralegal, the following rates are more consistent with the Memphis market.

| Timekeeper | Claimed Rate | Reasonable Rate |
| --- | --- | --- |
| Andrea Woods | $563 | $350 |
| David Fathi | $758 | $450 |
| Nancy Rosenblum | $760 | $450 |
| Maria Morris | $699 | $400 |
| Jennifer Wedekind | $601 | $400 |
| Aditi Shah | $473 | $275 |
| Samantha Weaver paralegal | $207 | $250 |
| Jessica Cairns paralegal | $207 | $250 |
| Joseph Bial | $699 | $450 |
| Darren Johnson | $699 | $400 |
| Meredith Borner | $589 | $300-$350 |
| Makiko Hiromi | $589 | $300-$350 |
| David Kimball | $505 | $300-$350 |
| Eric Abrams | $490 | $275 |

| | | |
|---|---|---|
| Colleen Anderson | $457 | $275 |
| Ariane Rockoff | $535 | $300-$350 |

26. The fourth factor to consider is "the amount involved and the results obtained." MRPC 1.5(a)(4). This factor in my view warrants a significant—if not a complete—discount, as the post judgment enforcement litigation did not achieve relief. Other than obtaining some discovery, which itself is collateral to the provisions of the decree and not specifically even requested in plaintiffs' motion to enforce, plaintiffs can point to no specific area of the decree that was not being followed, that through this litigation was corrected. Even with the motion to terminate, there was never an argument that defendants ceased to comply with the terms of the Consent Decree while they were seeking termination. Seeking three quarters of a million dollars of taxpayer money from Shelby County for this legal work in less than a year's time is simply over the top when compared to what was actually accomplished by the enforcement litigation.

27. The fifth factor the Court must consider is "the time limitations imposed by the client or by the circumstances." MRPC 1.5(a)(5). This factor is not applicable in this case.

28. The sixth factor the Court must consider is "the nature and length of the professional relationship with the client." MRPC 1.5(a)(6). This factor is not applicable in this case.

29. The seventh factor the Court must consider is the experience, reputation, and ability of the lawyer or lawyers performing the services. MRPC 1.5(a)(7). From a review of the biographical material, there is no doubt that many of the lawyers involved representing plaintiffs are experienced and able lawyers.

30. The eighth factor the Court must consider is "whether the fee is fixed or contingent." MRPC 1.5(a)(8). This factor is not applicable. In this case, the Consent Decree provides

for compensation with reasonable attorneys' fees in very limited circumstances as specifically set forth in the Consent Decree.

31. The ninth factor to Consider is "prior advertisements or statements by the lawyer with respect to the fees the lawyer charges." MRPC 1.5(a)(9). This is not applicable.

32. The tenth factor to consider is whether the fee agreement is in writing. MRPC 1.5(a)(10). While there is not a written fee agreement, it is nevertheless expressly set forth in writing in the Consent Decree when plaintiff's counsel is entitled to collect fees. The reference agreed to by the parties that "reasonable fees" are contemplated as being awarded requires the Court to look to Tennessee law to determine a reasonable fee.

Further Affiant Saith Not.

_____
Robert L. Hutton

Sworn to and subscribed before me this 29th day of July, 2024.

_____
NOTARY PUBLIC

My Commission Expires: 3/11/26

4874-9177-7236, v. 1

# Robert Louis Hutton
# Attorney at Law

## Contact Information

*Business Address:*                   Glankler Brown, PLLC
                                      6000 Poplar Avenue, Suite 400
                                      Memphis, Tennessee 38119

*Business Telephone:*                 (901) 525-1322
                                      (901) 576-1714 (direct)

*Business E-mail:*                    rhutton@glankler.com

*Business Facsimile:*                 (901) 525-2389

## Education

*Secondary Education:*                Christian Brothers High School
                                      Memphis, Tennessee
                                      Graduated May, 1985

*Undergraduate Education:*            Vanderbilt University
                                      Nashville, Tennessee

Degree:                               Bachelor of Arts (graduated May, 1989)
Double Major:                         Classics and Philosophy
Honors and Awards:                    - Graduated Magna Cum Laude, with
                                        Departmental Honors in Philosophy
                                      - Phi Beta Kappa
                                      - President, Eta Sigma Phi (classics honorary)
                                      - Gamma Beta Phi (academic honorary)
                                      - Omicron Delta Kappa (leadership honorary)
                                      - Honorable mention in the 1988-1989 Nabers
                                        Prize Competition for the Best Paper in
                                        Archeology

Departmental Honors Thesis:           "The Breakdown of Teleological Society"



| | |
|---|---|
| *Legal Education:* | Vanderbilt University<br>Nashville, Tennessee |
| Degree: | Doctor of Jurisprudence (conferred May 1992) |
| Honors and Awards: | - Winner, 1990 Johnson- Gibbs Appellate Advocacy Competition<br>- Member, Moot Court Board |

## Professional Background

| | |
|---|---|
| *License to practice law:* | Tennessee 1992 – present |
| *Employment History:* | Glankler Brown, PLLC<br>Associate 1992-2001<br>Member 2001-present |

## Honors and Awards

| | |
|---|---|
| 1986 | Certificate of Appreciation awarded by Memphis City Council |
| 1987 | Certificate of Recognition awarded by Memphis City Mayor Richard Hackett |
| 1988 | State finalist for the Rhodes Scholarship Competition |
| 2001 | American Inns of Court, Sandra Day O'Connor Award for Professional Services (First Recipient)<br><br>Dr. Martin Luther King Jr. Service Award<br><br>Memphis Bar Association Sam A. Myar Jr. Memorial Award |
| 2003-present | Martindale Hubbell "AV" Peer Review rating |
| 2004 | Memphis Bar Association's Champion Series, "Champion of Controversial Causes" |
| 2006 | Memphis Bar Foundation, named as "Fellow of the Foundation." |

2

| | |
|---|---|
| 2007 | Best Lawyers in America (Appellate Law) |
| 2008 | Best Lawyers in America (Appellate Law, Commercial Litigation, Non-white-collar criminal law) |
| 2010 | Granted Coat of Arms, Badge and Banner by Her Majesty's Royal College of Arms, United Kingdom |
| 2010 - present | Best Lawyers in America (Appellate Law, Commercial Litigation, Civil Rights Law, Non-white-collar criminal law, White-collar criminal law) |
| 2013 - present | Super Lawyers |
| 2010-2012 | Memphis Business Quarterly POWER Players |
| 2011 | Tennessee Bar Foundation, named as "Fellow of the Foundation." |
| 2012 | Christian Brothers High School Hall of Fame Inductee |
| 2018 | Tennessee Association of Criminal Defense Attorneys, Bill Reddick Death Penalty Award |

## Professional Associations

| | |
|---|---|
| 1992 – present | Memphis Bar Association (Board of Directors 1999-2000) |
| | Tennessee Bar Association |
| 1998-2002 | Leo Bearman, American Inns of Court |
| 1992 - 2005 | St. Thomas More Catholic Lawyers Guild<br>Vice President      2003<br>President             2004<br>Board of Directors  2001-2005 |

3

| 2006 | Memphis Bar Foundation |
| --- | --- |
| 2011 | Tennessee Bar Foundation |

## Publications

"The Irony of the Execution of Robert Glen Coe;" *Memphis Commercial Appeal*, May 21, 2000

*The Right of the Condemned to Have Counsel at Execution as Established in the case of Robert Glen Coe* 31 U. Memphis L. Rev. 757 (2001)

"Ethics, Conscience and Dissent" *The Bencher*, November 2002

## Faculty Appointments

Small Group Leader, The Center for American and International Law, *Capital Trial Advocacy Program*, Austin, Texas 2002.

Small Group Leader, The Center for American and International Law, *Capital Trial Advocacy Program,* Plano, Texas 2003.

## Published Judicial Opinions

***United States Supreme Court:***   *Bell v. Cone*, 535 U.S. 685 (2002)

***United States Court of Appeals:***   *Abdus-Samad v. Bell*, 420 F.3d 614 (6th Cir. 2005)
*Alley v. Bell*, 307 F.3d 380 (6th Cir. 2002)
*Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568 (6th Cir. 2001)
*Cone v. Bell*, 359 F.2d 785 (6th Cir. 2004)
*Cone v. Bell*, 243 F3d 961 (6th Cir. 2001)
*Cone v. Bell*, 505 F. 3d 610 (6th Cir. 2007)
*Cooper v. Parrish*, 203 F.3d 937 (6th Cir. 2000)
*Thomas v. Westbrooks*, 849 F.3d 659 (6th Cir. 2017)
*Turner v. United States*, 848 F.3d 767 (6th Cir. 2017)
*Turner v. United States,* 885 F.3d 949 (6th Cir. 2018)(en banc)
*U.S. v. Johnson*, 416 F.3d 464 (6th Cir. 2005)
*U.S. v. Sorrells*, 145 F.3d 744 (5th Cir. 1998)
*Van Tran v. Colson*, 764 F. 3d 594 (6th Cir. 2014)
*Wallace v. Bank of Bartlett,* 55 F.3d 1166 (6th Cir. 1995)

***United States District Courts:***   *Alley v. Bell*, 101 F.Supp. 2d 588 (W.D. Tenn. 2000)
*Coe v. Bell*, 95 F.Supp. 2d 795 (M.D. Tenn. 2000)
*Coe v. Bell*, 89 F.Supp. 2d 962 (M.D. Tenn. 2000)
*Cone v. Bell*, 956 F.Supp. 1401 (W.D. Tenn. 1997)

4

|                    |                                                                                                   |
|--------------------|---------------------------------------------------------------------------------------------------|
|                    | *Cone v. Colson,* 925 F. Supp. 2d 927 (W.D. Tenn. 2013)                                           |
|                    | *Cooper v. Parrish*, 20 F.Supp. 2d 1204 (W.D. Tenn. 1998)                                         |
|                    | *Davis v. G.M.A.C.*, 406 F. Supp. 2d 698 (N.D. Miss. 2005)                                        |
|                    | *Little v. Shelby County*, 384 F. Supp. 2d 1169 (W.D. Tenn. 2005)                                 |
|                    | *Miller v. Shelby County*, 93 F.Supp. 2d 892 (W.D. Tenn. 2000)                                    |
|                    | *Van Tran v. Bell*, 145 F. Supp. 2d 939 (W.D. Tenn 2001)                                          |
| **State Courts:**  | *Coe v. State*, 17 S.W.3d 193 (Tenn. 2000)                                                        |
|                    | *Coe v. State*, 17 S.W.3d 249 (Tenn. 2000)                                                        |
|                    | *Coe v. State*, 17 S.W.3d 251 (Tenn. 2000)                                                        |
|                    | *Pettes v. Yukon*, 912 S.W.2d 709 (Tenn. App. 1995)                                               |
|                    | *State v. Adler*, 92 S.W.3d 397 (Tenn. 2002)                                                      |
|                    | *State v. Austin*, 87 S.W. 3d 447 (Tenn. 2002)                                                    |
|                    | *State v. Carpenter*, 69 S.W. 3d 568 (Tenn. Crim. App. 2001)                                      |
|                    | *State v. Workman*, 111 S.W. 3d 10 (Tenn. Crim. App. 2002)                                        |
|                    | *White v. McBride*, 937 S.W.2d 796 (Tenn. 1996)                                                   |
|                    | *Workman v. State*, 41 S.W. 3d 100 (Tenn. 2001)                                                   |

## Unpublished Judicial Opinions

|                       |                                                                                                   |
|-----------------------|---------------------------------------------------------------------------------------------------|
| **Federal Courts:**   | *Coe v. Bell*, 2000 US App. Lexis 24059 (6th Cir. 2000)                                           |
|                       | *Cone v. Bell*, 1999 WL34792853 (W.D. Tenn. 1999)                                                 |
|                       | *Cone v. Bell*, 2010 WL 2901708 (W.D. Tenn. 2010)                                                 |
|                       | *Cone v. Bell*, 2010 WL 2270191 (W.D. Tenn. 2010)                                                 |
|                       | *Davis v. Sutton*, 2005 WL 3434633 (W.D. Tenn. 2005)                                              |
|                       | *Little v. Shelby County*, 2003 WL 23849734 (W.D. Tenn. 2003)                                     |
|                       | *McClarin v. City of Savannah, Tennessee*, 2008 WL 3895523 (W.D. Tenn. 2008)                      |
|                       | *Rhea v. West Tennessee Violent Crime & Drug Task Force*, 2020 WL 5016698 (6th Cir. 2020)       |
|                       | *Rhodes v. Lauderdale County, Tenn.*, 2012 WL 4434722 (W.D. Tenn. 2012)                           |
|                       | *Scallions v. Lauderdale County*, 2005 WL 1214263 (W.D. Tenn 2005)                                |
|                       | *Sinclair v. Lauderdale County*, Tenn. 2016 WL 3402594 (6th Cir. June 21, 2016)                 |
|                       | *Thomas v. Colson,* 2013 WL 5461854 (W.D. Tenn. 2013)                                             |
|                       | *U.S. v. Ninety Six Thousand One Hundred Dollars in US Currency*, 2007 WL 701249 (W.D. Tenn. 2007)|
|                       | *U.S. v. Young*, 2004 WL 784840 (W.D. Tenn. 2004)                                                 |
| **State Courts:**     | *Austin v. State*, 2006 WL 3626332 (Tenn. Cr. App. 2006)                                          |

5

*Boyd v. State*, 1999 WL 33261797 (Tenn.Cr.App. 1999)
*Deposit Guaranty National Bank v. National Mortgage Co.,* 1994 WL 175596 (Tenn. App. 1994)
Hudson, Holyfield & Banks, G.P. v. MNR Hospitality LLC 2020 WL 4577483 (Tenn. Ct. App. 2020)
*Sims v. State*, 2014 WL 7334202 (Tenn. Crim. App. 2014)
*State v. Adler,* 2001 WL 1011461 (Tenn. Crim. App. 2001)
*State v. Austin*, 2001 WL 242576 (Tenn. Crim. App. 2001)
*Wells v. Rickard*, 1998 WL 803411 (Tenn. Crim. App. 1998)
*Wells v. Rickard*, 1997 WL 305295 (Tenn. Crim. App. 1997)

**Capital Defense:**

*Andrew Thomas v. Roland Colson*, (habeas corpus)
*Gaile Owens v. Earline Guida*, (habeas corpus)
*Gary Cone v. Ricky Bell*, (habeas corpus)
*Gregory Robinson v. Wayne Carpenter* (habeas corpus)
*Heck Van Tran v. Ricky Bell*, (habeas corpus)
*Michael Howell v. Ricky Bell*, (habeas corpus)
*Mikaéel Abdullah Abdus Samad v. Ricky Bell,* (habeas corpus) (clemency counsel)
*Phillip Workman v. State of Tennessee*, (post conviction) (coram nobis)
*Robert Coe v. State of Tennessee*, (competency for execution) (right to counsel at execution)
*Sedley Alley v. Ricky Bell*, (habeas corpus)
*State of Tennessee v. Richard Austin*, (trial counsel) (coram nobis)
*State of Tennessee v. Robert L. Carpenter*, (trial counsel)
*State of Tennessee v. Vincent Sims*, (post-conviction)
*State of Tennessee v. Edmund Zagorski (clemency counsel)*
*U.S.A. v. Robert L. Carpenter*, (trial counsel)
*U.S.A. v. Terance Johnson*, (trial counsel)
*U.S.A. v. Willie McCulley*, (trial counsel)
*Larry McKay v. Tony Mays* (habeas corpus)
*Larry McKay v. Tennessee* (coram nobus)

**Significant Public Interest Cases**

*Barrett v. Hardin County*, (ordered construction of new jail facility in Hardin County, Tennessee)

*Cone v. Bell*, argued before the United States Supreme Court as to what constitutes ineffective assistance of counsel in a capital case

6

*Davis v. Sutton*, (declared unconstitutional and ordered construction of new jail facility in Lauderdale County, Tennessee)

*Little v. Shelby County*, (declared unconstitutional Shelby County Jail)

*Robert Coe v. Bell*, (established right of counsel to be present at execution)

*Maben v. Williams*, (held Lauderdale County General Sessions Judge liable for damages for violation of civil rights)

*Philip Workman v. State* (established right of capital defendant to raise claims of factual innocence premised upon newly discovered evidence which were not raised earlier through no fault of the defendant).

*In re: Mika'eel Abdullah Abdus-Samad* (mounted clemency campaign resulting in Governor's commutation of client's death sentence to life imprisonment – first successful death sentence commutation in Tennessee since 1965).

*Rhodes v. Lauderdale County* (declared unconstitutional practice of detaining individuals solely for investigation)

## Other Business Activities

***Board of Directors:***     Chuck Hutton Co. (Memphis)
Chuck Hutton Chevrolet Co. (Memphis)
Chuck Hutton Toyota (Memphis)
Frase Protection, Inc.

***General Counsel:***     All Chuck Hutton companies listed above
Catholic Diocese of Memphis

## Charitable, Religious, and Philanthropic Activities

***Board of Directors:***     John Dustin Buckman Charitable Trust (Chairman) (Awards approximately $600,000 per year to children's charities in the Memphis area)

7

|  |  |
|---|---|
|  | Review Board for the Diocese of Memphis in Tennessee (Secretary) (Recommends policy and reviews allegations of sexual misconduct by clergy involving minors) |
|  | Catholic Charities, Inc. (2006-2010) |
|  | The Catholic Café, Inc. (President) (produces weekly radio program discussing Catholic beliefs) |
|  | Sovereign Military Order of Malta – Federal Association (2013-2021) |
| *Other:* | Sovereign Military Order of Malta-Federal Association |

- Invested 2008
- Regional Hospitaller 2008-2012, 2021-present
- Vice Chancellor 2014 – 2015
- Promise of Obedience - 2015
- Chancellor 2016 – 2021

Equestrian Order of the Holy Sepulchre of Jerusalem (Invested November, 2003) (Promoted to Knight Commander, 2008)

Holy Rosary School Endowment Advisory Board

Granted Coat of Arms, Badge and Banner by Her Majesty's Royal College of Arms, United Kingdom, 2010

Sacred Military Constantian Order of Saint George (Knights of Merit 2012)

U.S.C.C.B. National Advisory Board (2023-2027)
Chair elect 2024
Chairman 2025