**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| Favian Busby, Michael Edgington, Russell Leaks, and Joseph Nelson, *on their own behalf and on behalf of those similarly situated*, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> Floyd Bonner, Jr., *in his official capacity*, Shelby County Sheriff, and the Shelby County Sheriff's Office, <br><br> Respondents-Defendants. | **MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** <br><br><br> **Civil Action No. 2:20-cv-2359-SHL-atc** |

Pursuant to Local Rule 7.2(c), Plaintiffs request permission to reply to Defendants'

Response in Opposition to Plaintiffs' Motion for Attorneys' Fees (ECF No. 377) for the following

reasons. *First*, Defendants mischaracterize the basis and legal grounding for Plaintiffs' fee motion,

which seeks fees only for specific enforcement motions on which plaintiffs prevailed, not the

Consent Decree itself. (ECF Nos. 161-2 ¶¶ 23, 30, 209, 210.) Plaintiffs wish to respond to clarify

any confusion about the legal standard to be applied. *Second*, Defendants claim that the amount

of Plaintiffs' requested fees is excessive and thus not compensable under the Consent Decree.

Plaintiffs' requested fees do not come close to the "clearly excessive" threshold Defendants assert

applies but are instead fairly calculated and reasonably claimed under current law with extensive

documentation provided in support. *Third*, Defendants' argument that the fees limitation of the

Prison Litigation Reform Act ("PLRA") (42 U.S.C. § 1997e(d)(3)) should be applied to any and

all fees awarded to Plaintiffs is incorrect. This is a complex legal issue where federal disability

rights statutes are involved. Accordingly, Plaintiffs wish to respond to Defendants' inaccurate

statements of law and fact regarding Plaintiffs' fee request, which  is based on their claims under

the ADA (42 U.S.C. § 12205) and the Rehabilitation Act (29 U.S.C. § 794a), which are not subject

to the PLRA rate cap, as well as constitutional claims.

Plaintiffs request the opportunity to respond in full.

Dated: August 6, 2024

Respectfully submitted,

*/s/ Ariane Rockoff-Kirk*

Nancy Rosenbloom
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
nrosenbloom@aclu.org

Brice M. Timmons (Bar No. 29582)
Donati Law Firm
1475 Union Avenue
Memphis, TN 38104
Telephone: (901) 762-0535
Facsimile: (901) 762-0527
btimmons@donatilaw.com

Josh Spickler (Bar No. 021019)
Wesley Dozier (Bar No. 037735)
Just City
P.O. Box 41852
Memphis, TN 38174
Telephone: (901) 206-2226
josh@justcity.org

Maria Morris
American Civil Liberties Union
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6607
mmorris@aclu.org

Stella Yarbrough (Bar No. 33637)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Telephone: (615) 320-7142
syarbrough@aclu-tn.org

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Joseph Bial
2001 K Street NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Fascimile: (202) 223-7420
jbial@paulweiss.com

Ariane Rockoff-Kirk
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fascimile: (212) 757-3990
arockoff-kirk@paulweiss.com

*Attorneys for Plaintiffs and Plaintiff Class*